COMMONWEALTH vs. PATRICK L. IRWIN.

Worcester. November 10, 1983. — May 7, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Search and Seizure*, Container, Expectation of privacy. *Constitutional Law,*
Search and seizure.

Evidence that while a police officer was conversing with the occupants of a
motor vehicle stopped in a highway breakdown lane he observed a closed
translucent container on the rear seat of the vehicle, that the officer was
trained in the identification of marihuana, and that marihuana was pressed
against the lid of the container in such a way that the officer could,
without opening the container, see the color and shape of the contents
with sufficient clarity to identify them as marihuana, even though at the
time of the suppression hearing the contents could not be seen clearly
through the lid, warranted the finding that the officer had probable cause
to believe that the container contained contraband. [768-770]

Where a police officer was able to see the color and shape of the contents of a
translucent container he observed on the rear seat of a motor vehicle,
and, as a result, had probable cause to believe the container held con-
traband, art. 14 of the Massachusetts Declaration of Rights did not
require that a warrant be obtained before a search of the container could
lawfully be made. [768, 770-771]

INDICTMENTS found and returned in the Superior Court De-
partment on May 11, 1981.

Pretrial motions to suppress evidence were heard by *Travers*,
J., and the cases were tried before *James P. Donohue*, J.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initia-
tive.

*Nancy Gertner (Judith H. Mizner* with her) for the defendant.

*William F. George*, Assistant District Attorney, for the Com-
monwealth.

O'CONNOR, J. A jury found the defendant guilty of unlawful
possession of controlled substances and hypodermic instru-

ments (G. L. c. 94C), and a firearm (G. L. c. 269, § 10 [h]).[1] The defendant appeals, asserting error in the denial of his motion to suppress. He argues that the motion judge's finding that a State police officer had probable cause to believe that a closed "Tupperware" type container located on the back seat of an automobile contained contraband was erroneous, and that, as a result, the officer's subsequent warrantless search of the container violated art. 14 of the Massachusetts Declaration of Rights. His sentence was stayed by a Justice of the Appeals Court pending resolution of the appeal.[2] We transferred the case to this court on our own motion. We affirm the convictions.

The motion judge found the following facts. On November 21, 1980, about 3 P.M., State police Officer Alliette, while patrolling Route 2 in Templeton, came upon a vehicle stopped in the breakdown lane. He stopped his cruiser behind it for the purpose of determining whether the occupants needed assistance. As he walked toward the vehicle, he observed that the small decal attached to the rear registration plate indicated that the registration had expired. As a result of inquiry made of the person seated behind the driver's wheel, Alliette determined that the registration had expired. He issued a citation for the violation. The defendant was seated in the passenger seat. The vehicle had been stopped in order that the operator and the passenger might exchange seats.

The judge found that while conversing with the other occupant of the vehicle, one Leveroni, from his position outside the vehicle, Alliette observed the interior of the vehicle with the eye of a trained observer. He noticed on the rear seat a "Tupperware" type container, approximately nine inches square and two and one-half inches in depth, closed with a self-sealing lid. The judge described the container as follows: "It is not

---

[1] The defendant was found guilty of unlawful possession of heroin, cocaine, LSD, psilocybin, marihuana, a hypodermic needle and a hypodermic syringe, and a .32 caliber revolver.

[2] The defendant was sentenced to four one-year terms and three six-month terms of imprisonment in a house of correction, all of the sentences to be served concurrently.

opaque. It is translucent. It does transmit light, but it is not transparent, i.e., objects cannot under all circumstances be seen clearly through it. The peculiar optical characteristic of this material is that if an object is in contact with the surface or very near it, its features are clearly seen, whereas if it is more distant, it then becomes quite indistinct. For example, if a printed page was placed in contact or very close to the interior surface of the lid and viewed from the opposite side, it could be as easily read as if the material between was clear plate glass. On the other hand, if the page was placed further away, it could not be read at all. If the distance was increased, it would become impossible to identify the object."

The judge further found that at the time of the suppression hearing, the contents of the container could not be seen clearly through the lid. However, Alliette testified, and the judge found, that at the time Alliette saw the container on the back seat of the car, the contents were in contact with the lid and Alliette could see their color and shape "with sufficient clarity to identify them as marihuana." Alliette described to the judge "with detail the color and configuration of the objects he saw." The judge inferred that the contents had settled in the container and their color had faded between the time Alliette first saw them and the time of the hearing. The judge concluded that "it [was] clear that the contents could be seen and identified by the officer as marihuana at the time he first saw them" even though at the time of the hearing that was not the case. "It follows," concluded the judge, "that the police officer had probable cause to believe that there was contraband in the container. He was rightfully in his position at the window of the car looking into its interior. The container was in plain view. Thereafter, he had a right to open the door, pick up the container and open it. It was full of marihuana."

There was a second closed Tupperware type container in the vehicle. It was located on the floor of the rear passenger compartment. Alliette seized and searched that container and found various items of contraband in it. The judge concluded that Alliette lawfully opened that container and he refused to suppress evidence concerning those items. The defendant has requested that we reverse the order denying his motion to sup-

press all the evidence obtained as a result of the searches of the vehicle and the two Tupperware type containers, but his supporting argument focuses exclusively on the legality of the search of the first container which was located on the rear seat. If the search of the first container was unlawful, the search of the second container was unlawful as well. No contention is made, however, that even if the search of the first container was lawful, the warrantless search of the second container was impermissible. Accordingly, we limit our review to whether Alliette lawfully searched the first container.

The United States Supreme Court has held that when an officer has probable cause to believe that there is contraband in a vehicle, the United States Constitution permits him to search without a warrant not only compartments of the vehicle but separate containers within the vehicle as well. *United States* v. *Ross*, 456 U.S. 798 (1982). It is not clear, however, that probable cause merely to believe that a container within a vehicle holds contraband, would by itself justify under the United States Constitution a warrantless search of that container, or of the entire vehicle, or of other containers within the vehicle. Assuming that it would, the defendant nevertheless argues that Alliette did not have probable cause to believe that the container contained contraband, and that therefore the principle articulated in *United States* v. *Ross, supra,* does not apply to the present case. The defendant argues that the judge's contrary finding was clearly erroneous. In addition, the defendant argues that even if the finding of probable cause is to stand, this court should hold that art. 14 requires that a warrant must issue before a search of a container, which is not physically a part of a motor vehicle, lawfully can be made. The defendant asks us to adopt the rationale of the dissenters in *United States* v. *Ross, supra,* to conclude that art. 14 requires an independent determination of probable cause by a disinterested magistrate to justify a search of a container which may be removed from a motor vehicle and held by law enforcement officers pending the issuance of a warrant.

We agree with the defendant that the warrantless search of the container would have been unlawful if Alliette's observa-

tions of the contents of the container had not been clear enough to enable him to identify the contents as marihuana. We do not agree, however, that the judge's findings in that regard were clearly erroneous. The defendant asserts that the trooper's testimony at the suppression hearing that the marihuana was pressed against the lid of the container in such a way that the trooper could see the color and shape of the contents with sufficient clarity to identify them as marihuana, is "inherently unbelievable under the circumstances," and that the judge "plainly erred" in giving credence to it. The defendant contends that in order for the motion judge to credit the trooper's testimony, he had to make "two [impermissible] leaps of faith — one, that the contents had changed over time, and two, that the contents, even as described by the trooper as of the moment of the seizure, could have been viewed by the trooper with sufficient clarity to meet a probable cause standard." The defendant maintains that the trooper's observations, made while standing outside the vehicle, facing the afternoon sun, and looking into the vehicle's darkened interior through a partly closed window, could, at best, support only a hunch, and not probable cause to believe, that there was contraband in that container. In addition, the defendant argues that the officer's detailed description of the contents of the container at the suppression hearing in the Superior Court, after he failed to testify with such detail at earlier hearings, "smack[ed] of recent contrivance" and constituted an "effort to meet constitutional standards."

We will not disturb a judge's findings of fact absent clear error. See *Commonwealth* v. *Accaputo*, 380 Mass. 435, 448 & n.18 (1980). Clear error has not been demonstrated here. Alliette's testimony that the contents were pressed against the lid of the container when he first saw it adequately supports the finding that the contents had changed "with the passage of time." Furthermore, Alliette's testimony that he was trained in the identification of marihuana and that he could see the color and shape of the contents with sufficient clarity to identify them as marihuana was sufficient to support the judge's finding of probable cause. Alliette's credibility was for the judge to

evaluate. See *Commonwealth* v. *Angivoni,* 383 Mass. 30, 33 (1981). His testimony with respect to the characteristics of the container lid was supported by the judge's examination of the lid, which was in evidence. We too have examined the lid and we agree with the judge's description of it. The testimony was not "inherently unbelievable," as asserted by the defendant, nor was there overwhelming evidence to refute it. While it is true that Alliette did not testify in detail about the shape of the contents at earlier hearings, which the judge could properly have considered, that fact is not controlling. The judge might also have taken into account Alliette's explanation that until the suppression hearing he had not been asked specifically about the shape of the contents.

Our conclusion that Alliette had probable cause to believe that the container contained contraband brings us to the defendant's second argument, which requires only brief discussion. The defendant urges us to hold that even though Alliette had probable cause to believe contraband was in the container a warrant was a prerequisite to opening the container. If Alliette had been unable to see clearly and identify the contents of the container and there was some other basis for his having had probable cause to believe that the contents were contraband, we would have to decide whether a warrantless search of the container was justified. That was the question presented in *United States* v. *Ross, supra,* where contraband was found in a brown paper bag in the trunk of a motor vehicle. In that case the officer had probable cause to believe that contraband was in the vehicle. In searching the vehicle the officer found the bag, which he could not see through, and he opened and searched the bag. The Supreme Court held, with three Justices dissenting, that a warrantless search of the bag did not violate the United States Constitution. Here, however, we are not faced with the same question. Here the judge permissibly found that it was unnecessary for the officer to open the container in order to see the color and shape of its contents with sufficient clarity to identify them as marihuana. The contents were in plain view. No privacy interest was affected by opening the container. No search in the constitutional sense was in-

volved, and consequently no warrant for that purpose was required. The defendant correctly does not contend that a warrant was required for seizure, as distinguished from a search, of the container. As we have said before, contraband "may be seized by the police without a warrant whenever it is within plain view and in a place where the police have a right to be." *Sullivan* v. *District Court of Hampshire*, 384 Mass. 736, 742-743 (1981).

*Judgments affirmed.*