COMMONWEALTH *vs.* WILLIAM J. GRIFFITH.

Franklin.   November 8, 1988. — March 9, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Homicide. Robbery. Felony-Murder Rule. Intoxication. Malice. Self-Defense. Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Instructions to jury. *Witness,* Accomplice, Impeachment. *Evidence,* Prior conviction.

The holding of this court in *Commonwealth v. Henson,* 394 Mass. 584 (1985), concerning jury instructions with respect to evidence of a defendant's voluntary intoxication as relevant to his capacity to form a specific criminal intent, was given retroactive application to an indictment for first degree murder tried in 1981. [259]

At the trial of a felony-murder case in which the underlying felony was alleged to be attempted armed robbery, the judge's erroneous instruction to the jury precluding them from considering evidence of the defendant's intoxication on the issue of his specific intent to steal did not create a substantial likelihood of a miscarriage of justice, where there was virtually no evidence that the defendant's consumption of alcohol and drugs had any effect on his capacity to form the specific intent to steal, inasmuch as the conduct of the defendant, related by the witnesses, did not reveal any manifestations of intoxication. [259-260]

Where the trial of a murder indictment proceeded solely on a theory of felony-murder, the judge did not err in failing to instruct the jury that the Commonwealth had the burden of proving that the shooting of the victim was not accidental, inasmuch as the defendant's specific intent to commit the underlying felony of attempted armed robbery, if proved, would substitute for the proof of malice otherwise required for a finding of murder, so that the issue of accident had no bearing on whether the defendant was guilty of felony-murder. [260-261]

At the trial of a felony-murder case, any error in the admission of a ballistics expert's opinion that the defendant's gun could not have discharged accidently was harmless, as the issue of accident had no bearing on whether the defendant was guilty of felony-murder. [261]

There was no merit to a criminal defendant's contention that he was deprived of effective assistance of counsel with respect to the issue of the defendant's alleged intoxication, where there was no showing that if counsel had acted differently he would have "accomplished something material for the defense." [262]

In the circumstances of a murder trial, in which the evidence against the defendant was overwhelming, defense counsel's argument for conviction of "no more than manslaughter" was not a manifestly unreasonable tactic and did not constitute ineffective assistance of counsel. [263-264]

A defendant convicted of felony-murder did not establish that his trial counsel rendered ineffective assistance with respect to an alleged failure to have developed a defense, or an alleged failure to have informed the defendant of the elements of the crimes charged and potential defenses, or an alleged failure to have told the defendant he would be subject to cross-examination when he testified. [264]

At a felony-murder trial, error, if any, in the judge's instruction to the jury on the issue of self-defense was harmless, where, based on the evidence presented, the defendant was not entitled to any self-defense instruction. [264-265]

At a criminal trial, the judge was not required to give a cautionary instruction on accomplice testimony. [265]

A criminal defendant did not demonstrate a substantial likelihood of a miscarriage of justice in the judge's allowing the prosecutor to elicit from several prosecution witnesses the fact that they were testifying in exchange for a promise that indictments would not be sought against them. [265-266]


INDICTMENT found and returned in the Superior Court Department on May 29, 1980.

The case was tried before *Raymond R. Cross*, J., and posttrial motions were heard by him.

*Thomas Lesser* (*William C. Newman* with him) for the defendant.

*Ariane D. Vuono*, Assistant District Attorney, for the Commonwealth.

LIACOS, J. The defendant, William J. Griffith, was convicted by a jury of murder in the first degree, attempted armed robbery, illegal possession of a firearm, and using a firearm while committing a felony.[1] He appeals from the denial of his motion for a new trial and of his motion to set aside the verdict of murder in the first degree and to enter a finding of guilty of a

---

[1] The defendant appeals only his conviction of murder in the first degree. The remaining indictments were placed on file with the defendant's consent. See *Commonwealth* v. *Sanchez*, 403 Mass. 640, 641 n.1 (1988), and cases cited.

lesser offense. The defendant argues numerous claims of error, each of which we discuss below. We conclude that we shall affirm the judgment of conviction.

We summarize the facts as the jury could have found them.

On the evening of March 28, 1980, the defendant went with his friends, Dawn and David Stowell, to a house in Worcester. At the house, the defendant received a revolver and a bag of marihuana from a friend, consumed "a few beers," and shared a gram of cocaine with the friend, while the Stowells waited in the automobile. The defendant rejoined the Stowells and smoked between six and eight "joints" of marihuana with them. They then proceeded to the apartment of the defendant's cousin in Athol. The defendant smoked more marihuana with his cousin and another companion. He changed his clothing, replacing the jacket he was wearing with a green Army jacket. He then announced to his companions that he was going to rob "Bill's Market," an establishment about a block away.

The defendant left the apartment and walked to Bill's Market. He sat in the rain on the steps outside the store, waiting for the customers to leave. The defendant entered the store, showed his gun to the victim, and demanded money. The victim started yelling, and the victim's wife approached the two men. The defendant turned toward the wife, and the victim stepped into a side room. When the defendant turned to look for the victim, the victim's wife went to a telephone in the back to call the police. The victim emerged from a side room with a baseball bat, with which he struck the defendant on the shoulder, head, and arm. The defendant's gun fired,[2] and the victim was struck in the head by a single bullet.[3] The victim slumped down to the floor, one hand clutching some paper money.

The defendant went to the cash register and unsuccessfully tried to open it. He returned to his cousin's apartment and related to those there what had transpired at Bill's Market.

---

[2] The defendant claimed that the gun fired accidentally when the victim hit him on the arm. We address the import of this contention below.

[3] The victim died from the gunshot wound on March 31, 1980.

1. *Intoxication instruction.* The defendant was convicted of murder in the first degree based solely on a theory of felony-murder. The underlying felony on which the murder conviction was based was attempted armed robbery. G. L. c. 265, § 1 (1986 ed.). The defendant contends that it was reversible error for the judge to instruct the jury not to consider evidence of the defendant's intoxication on the issue of his specific intent to steal, "an essential element of the crime of robbery." *Commonwealth* v. *Sheehan*, 376 Mass. 765, 772 (1978). In making this argument, the defendant primarily relies on *Commonwealth* v. *Henson*, 394 Mass. 584 (1985), which, he says, applies retroactively to this case. The Commonwealth argues, however, that *Henson*, decided in 1985, is not applicable to this trial, which occurred in 1981.[3a]

In *Commonwealth* v. *Henson*, *supra* at 593, we held that "where proof of a crime requires proof of a specific criminal intent and there is evidence tending to show that the defendant was under the influence of alcohol or some other drug at the time of the crime, the judge should intruct the jury, if requested, that they may consider evidence of the defendant's intoxication at the time of the crime in deciding whether the Commonwealth has proved that specific intent beyond a reasonable doubt."

As of the time of the trial in this case, "the relevance of evidence of voluntary intoxication to the proof of specific intent under the *Henson* rule had been clearly foreshadowed by our earlier decisions." *Commonwealth* v. *Shine*, 398 Mass. 641, 655 (1986), citing *Commonwealth* v. *Sheehan*, *supra* at 773-775 (listing the prerequisites for modification of the pre-*Henson* rule). The *Henson* decision, then, did not announce a "new rule" and may be applied retroactively to the case at hand. See *Commonwealth* v. *Ennis*, 398 Mass. 170, 175 (1986).

In a felony-murder case, the intent to commit the underlying felony substitutes for the malice element required in an ordinary murder case. *Commonwealth* v. *Matchett*, 386 Mass. 492, 502 (1982). In order to convict a defendant of felony-murder, the Commonwealth must prove beyond a reasonable doubt all the elements of the underlying felony. Where attempted armed

---

[3a] The Commonwealth conceded at oral argument that *Henson* applies retroactively to this case. Nevertheless, because of the importance of the issue, we address it here.

robbery is the underlying felony, the Commonwealth must prove beyond a reasonable doubt the specific intent necessary to that underlying felony.

While the judge's instruction to the jury precluding them from considering evidence of intoxication was erroneous under *Henson*, these errors did not create a substantial likelihood of a miscarriage of justice.[4] Although there was evidence that the defendant had consumed drugs and alcohol, there was virtually no evidence that this consumption had any effect on the defendant's capacity to form the specific intent to steal, a necessary element of the crime of armed robbery. See *Commonwealth v. Fano*, 400 Mass. 296, 307 (1987); *Commonwealth v. Gil*, 393 Mass. 204, 221 (1984). The conduct of the defendant, as related by the prosecution's witnesses at trial, did not reveal any manifestations of intoxication. *Commonwealth v. Fano, supra*. The defendant had obtained a gun before ingesting any drugs or alcohol and sat outside the store in the rain waiting until all customers and passersby had departed so that there would be fewer witnesses present to identify him. After shooting the victim, the defendant tried to take money from the cash register. In addition, the defendant had told his friends before the incident "that he was going to rob Bill's Market." Additionally, the defendant himself acknowledged at trial that he had entered the store and pulled out his gun "for the purpose of committing an armed robbery." In short, "[t]he evidence of guilt . . . was overwhelming." *Commonwealth v. Shine, supra* at 655. The trial judge's charge to the jury on intoxication did not create a substantial likelihood of a miscarriage of justice.

2. *Felony-murder.* The defendant claims that the judge erred in failing to instruct the jury that the Commonwealth had the burden of proving that the shooting was not accidental. In a nonfelony-murder case, the fact that the shooting was accidental negates the malice element required for murder. *Lannon v. Commonwealth*, 379 Mass. 786, 790 (1980). However, in a

---

[4] We apply the "substantial [likelihood] of a miscarriage of justice" standard because of the defendant's failure to object. See *Commonwealth v. Shine, supra* at 655; *Commonwealth v. Ennis, supra* at 176. Contrast *Commonwealth v. Parker*, 402 Mass. 333 (1988) (defendant objected to the charge).

felony-murder case, accident does not negate malice. *Commonwealth* v. *Evans*, 390 Mass. 144, 151-152 (1983). "The effect of the felony-murder rule is to substitute the intent to commit the underlying felony for the malice aforethought required for murder." *Commonwealth* v. *Matchett*, 386 Mass. 492, 502 (1982). Consequently, assuming proof of specific intent to commit the predicate felony, the fact that the shooting was accidental has no effect on the malice element in a felony-murder case. "A defendant who kills a victim in the commission or attempted commission of a robbery, while the defendant is armed with a gun, is guilty of murder by application of the felony-murder rule. . . . The fact that, according to the defendant, the gun was discharged accidently is of no consequence." *Commonwealth* v. *Evans, supra* at 151-152. There was no error.

3. *Ballistics expert.* The defendant, citing *Commonwealth* v. *Seit*, 373 Mass. 83, 92 (1977), asserts that the judge impermissibly permitted the Commonwealth's ballistics expert to state his opinion whether a blow to the defendant's arm could have caused his gun to discharge accidentally. That such an opinion was within the expertise of the expert is a matter within the sound discretion of the trial judge. *Id.* There was no error. Additionally, even if we assume there was error, it was harmless.

The defendant claimed that he accidentally fired the gun when the victim hit him on the arm with a baseball bat. The Commonwealth's ballistics expert testified that it would have been impossible for the gun to have discharged as a result of a blow on the arm. As discussed above, in a case tried solely under a felony-murder theory, it is of no consequence that the gun allegedly discharged accidentally. See *Commonwealth* v. *Evans, supra* at 152. Even if the jury had credited the ballistics expert's testimony and had found that there was no accident, such a conclusion would have had no bearing on whether the defendant was guilty of felony-murder.[5]

---

[5] The jury found the defendant guilty of attempted armed robbery. "Where a jury reach a determination that the statutory 'circumstance' (in this case [attempted] armed robbery[ ]) has been met, they should return a verdict of murder in the first degree." *Commonwealth* v. *Benjamin*, 399 Mass. 220, 225 (1987), quoting *Commonwealth* v. *Dickerson*, 372 Mass. 783, 797 (1977).

4. *Effective assistance of counsel.* The defendant asserts that he must be granted a new trial because he was deprived of effective assistance of counsel. We disagree.

When presented with a claim of ineffective assistance of counsel, we must make "a discerning examination and appraisal of the specific circumstances of the given case to see whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). We apply this standard in turn to each of the defendant's claims of incompetency of his trial counsel.

a. *Intoxication issue.* The defendant claims that counsel should have objected to the instruction on intoxication. Given the lack of evidence presented regarding the effect of the intoxicants on the defendant's capacity to form the necessary specific intent and the fact that the defendant himself admitted having the requisite specific intent, an objection to the judge's charge on intoxication would not have "accomplished something material for the defense." *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977). "Whether counsel simply failed to notice the omission or had decided not to pursue this claim, given the lack of evidence of intoxication, the failure to object does not constitute ineffective assistance of counsel." *Commonwealth* v. *Fano,* 400 Mass. 296, 305 n.15 (1987).

The defendant also claims that counsel's failure to develop the intoxication issue through expert testimony constituted ineffective assistance. The defendant has not shown that expert testimony on the effects of drugs and alcohol on the defendant would have "accomplished something material for the defense." *Commonwealth* v. *Satterfield, supra.* "The evidence simply did not support a finding that the defendant was so far overcome by intoxicants as to be incapable" of forming the specific intent to commit armed robbery. *Commonwealth* v. *Doucette,* 391 Mass. 443, 458 (1984).

b. *Closing argument.* The defendant contends that his trial counsel, in closing argument, abandoned his role as an advocate by conceding the strength of the Commonwealth's case. We disagree.

The Commonwealth presented overwhelming evidence that the defendant shot the victim during an attempted robbery. Against the advice of his counsel, the defendant took the stand and essentially confessed to having committed felony-murder. In this context, counsel made the following statement: "[T]he State must prove to you beyond a reasonable doubt every single element of the crime with which he is charged. . . . As a matter of fact, under the eyes of the law at this moment, as he sits there, he is presumed innocent. . . . Now, after what you've heard from the witness stand on this case, I think I would be somewhat less than realistic if you would find [the defendant] not guilty." Counsel went on to argue that the defendant should be convicted of "no more than manslaughter."

Considering the overwhelming evidence against the defendant, we cannot say that counsel's statement constituted ineffective assistance of counsel. "[T]he basic trouble from the defense standpoint was weaknesses in the facts rather than any inadequacy of counsel." *Commonwealth* v. *Satterfield, supra* at 111. *Commonwealth* v. *Mercado*, 383 Mass. 520, 528 (1981). See *Delle Chiaie* v. *Commonwealth*, 367 Mass. 527, 537-538 (1975).[6] In view of the situation with which the defense counsel was faced, we cannot conclude that his trial tactics were "manifestly unreasonable." *Commonwealth* v. *Adams*, 374 Mass. 722, 728 (1978). Counsel did not abandon his role as an advo-

---

[6] In *Delle Chiaie*, the court refused to hold that a tactical decision to concede the defendant's guilt constituted ineffective assistance of counsel. The defense counsel had made the following statement to the jury: " '[I]t would also be not only futile but would be an insult to your intelligence . . . to say that the facts as they have been established, with the connection adding one item, one incident after another, that this defendant was not the person who was responsible for the death of that little girl.' " *Delle Chiaie, supra* at 537-538 n.3.

cate in arguing for mitigation in the face of an almost insurmountable case against the defendant.[7]

c. *Other claims.* (1) The defendant claims that counsel's failure to develop the accident issue constituted ineffective assistance of counsel. Counsel's failure to develop the defense of accident could not have "deprived the defendant of an otherwise available, substantial ground of defence," *Commonwealth v. Saferian, supra* at 96, for, as discussed above, accident is no defense to felony-murder.

(2) The defendant claims that defense counsel failed to inform him about the elements of, and potential defenses to, the crimes charged. The defendant did not make this claim at the hearing on his motion for a new trial. There is nothing in the record to support the claim. The defendant has not satisfied his burden of proving that trial counsel failed to inform him of the nature of the charges against him and of the defenses available to him. See *Commonwealth v. Levia*, 385 Mass. 345, 352 (1982).

(3) The defendant claims that he was unaware that he would be subject to cross-examination when he testified, because counsel had failed to inform him. The judge who heard the motion for a new trial found it "impossible to believe his contention that he did not know he would be cross examined if he took the stand." We defer to the judge's determination on credibility. See *Commonwealth v. Irwin*, 391 Mass. 765, 770 (1984).

5. *Self-defense.* The defendant claims that the judge erroneously shifted the burden of proof to the defendant in his instruction to the jury on self-defense. We hold that, if there was any error, it was harmless because the defendant was not entitled to any self-defense instruction based on the evidence presented to the jury.

"[T]he right of self-defense ordinarily cannot be claimed by a person who provokes or initiates an assault unless that person

---

[7] Unlike *Commonwealth v. Street*, 388 Mass. 281 (1983), and *Commonwealth v. Westmoreland*, 388 Mass. 269 (1983), cited by the defendant, trial counsel did not abandon defenses which were supported on sufficient evidence in the record.

withdraws in good faith from the conflict and announces his intention to retire. . . . [T]he right to claim self-defense may be forfeited by one who commits an armed robbery, even if excessive force is used by the intended victim . . . ." (Citation omitted.) *Commonwealth* v. *Maguire*, 375 Mass. 768, 772-773 (1978). *Commonwealth* v. *Evans*, 390 Mass. 144, 153-154 (1983).

The defendant clearly was the initiator of an armed robbery. There was no evidence that the defendant withdrew from the conflict after the victim began hitting him with the baseball bat, although an unimpeded avenue of egress was available to him. "A right of self-defense was not available in this case because there is no evidence that the defendant withdrew from the conflict." *Commonwealth* v. *Evans, supra* at 153. *Commonwealth* v. *Johnson*, 379 Mass. 177, 180-181 (1979).

6. *Accomplice testimony*. The defendant argues that the judge erred in failing to instruct the jury that the testimony of Dawn and David Stowell should be scrutinized with care because allegedly they were accomplices to the crime. In this Commonwealth a "judge is not required to give a cautionary instruction to the jury" on accomplice credibility. *Commonwealth* v. *Watkins*, 377 Mass. 385, 389 (1979). *Commonwealth* v. *Liebman*, 379 Mass. 671, 679 (1980). *Commonwealth* v. *Allen*, 379 Mass. 564, 584-585 (1980).

7. *Prosecutor's impeachment of his own witnesses*. The defendant claims that the judge improperly allowed the prosecution to impeach its own witnesses. During the direct examination of several witnesses for the prosecution, the prosecutor elicited the fact that they were testifying in exchange for his promise not to seek indictments against them. In *Commonwealth* v. *Cadwell*, 374 Mass. 308 (1978), we held that it was permissible for the prosecution to elicit its own witness's prior criminal record on direct examination. "The essential import of *Cadwell* is that the jury are entitled to information regarding the witness's prior conviction as that information bears on his credibility, but that neither party has an unalterable prerogative to bring out these facts at a particular time and 'in a perhaps more dramatic way.' " *Commonwealth* v. *Coviello*, 378 Mass.

530, 533 (1979), quoting *Commonwealth* v. *Cadwell, supra* at 312. Similarly, evidence of an agreement for leniency between the witness and the prosecution may be introduced by either party at the discretion of the trial judge. The defendant, having failed to object to the prosecutor's questions, must demonstrate a substantial likelihood of a miscarriage of justice. He has not done so.

8. *Chapter 278, § 33E, review.* We have reviewed the entire record and transcript pursuant to G. L. c. 278, § 33E (1986 ed.), and we conclude that the interests of justice demand neither a new trial nor the entry of a verdict of a lesser degree of guilt.

*Judgment affirmed.*