COMMONWEALTH vs. WILLIE J. NAYLOR.

Hampshire. February 6, 1990. - May 10, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Assault and Battery. Self-Defense.*

At the trial of an indictment for assault and battery, the judge properly
declined to instruct the jury on self-defense, where the evidence re-
flected that the defendant provoked the confrontation, did not withdraw
from the conflict and never communicated a desire to withdraw from
the conflict. [334-336]

INDICTMENT found and returned in the Superior Court De-
partment on March 22, 1988.

The case was tried before *John F. Murphy, Jr.,* J

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*David P. Hoose* for the defendant.

*Ariane D. Vuono,* Assistant District Attorney, for the
Commonwealth.

ABRAMS, J. Convicted of assault and battery, the defend-
ant, Willie J. Naylor, appeals, alleging that the judge erred
in denying his request for an instruction on self-defense.[1] We
transferred the case to this court on our own motion. We
affirm.

We summarize the facts. Between 11 P.M. and 11:30 P.M.,
on February 26, 1988, the defendant entered Hugo's, a bar
in Northhampton. The bar was small and "rough." From the
time he entered the bar, the defendant was loud and abusive,
and he was staggering from the effects of alcohol. The bar-
tender refused to serve the defendant and asked him to leave.

---

[1]Execution of the defendant's sentence was stayed by a single justice of
the Appeals Court pending appeal.

The defendant remained in the bar for twenty minutes. He bothered customers, remained loud and abusive, and interrupted a pool game by picking up the eight ball and taking it off the table. He then walked to the back door, opened it, and let the cold air enter the bar. The bartender asked him to close the door. The defendant refused to do so. The bartender then went to close the door. The defendant was standing in the doorway. The bartender tried to get past the defendant to close the door; the defendant started pushing and shoving and the two men struggled in the doorway. Two customers then pulled the men apart. The bartender shut the door and went back to the bar. A patron who had observed the bartender struggle with the defendant went over to the door and "body blocked" the defendant out of the door and into the parking lot. The defendant and the patron exchanged blows. The parking lot was covered with snow and ice. Both men fell and then got up to resume their fight. As the defendant got up, he moved toward the patron and swung at him. The patron ducked, and the defendant's blow struck a Northhampton police officer, who had just arrived.[2] The officer suffered serious injury. After the blow was struck, the defendant stopped fighting and said, "I'm sorry, I'm sorry." The defendant asserts that, in these circumstances, the judge should have instructed on self-defense.

The Commonwealth agrees that, "[i]n viewing the evidence in the light most favorable to the defendant, *Commonwealth* v. *Burbank*, 388 Mass. 789, 794 (1983), [it must concede] that the defendant had a reasonable concern for his personal safety and further, that he had a reasonable, albeit erroneous, belief that the victim had assaulted or threatened him. *Commonwealth* v. *Glass*, 401 Mass. 799, 808 (1988)." Nevertheless, the Commonwealth argues that there was no error in denying the defendant's request for an instruction on self-defense, because "the right to self-defense does not ac-

---

[2]The defendant does not argue that it was improper to apply the law of transferred intent. See *Commonwealth* v. *Pitts*, 403 Mass. 665, 668-669 (1989); *Commonwealth* v. *Puleio*, 394 Mass. 101, 109-110 (1985).

crue to a person until he has availed himself of all proper means to avoid physical combat." See *Commonwealth* v. *Kendrick*, 351 Mass. 203, 212 (1960), and cases cited. See also *Commonwealth* v. *Maguire*, 375 Mass. 768, 772 (1978); *Commonwealth* v. *DeCaro*, 359 Mass. 388, 390 (1971).

"[T]he right of self-defense ordinarily *cannot be claimed by a person who provokes or initiates an assault unless* that person withdraws in good faith from the conflict and *announces his intention to retire.* Annot., Withdrawal, After Provocation of Conflict, as Reviving Right of Self-Defense, 55 A.L.R.3d 1000, 1003 (1974)" (emphasis supplied). *Commonwealth* v. *Maguire, supra* at 772-773. See *Commonwealth* v. *Griffith*, 404 Mass. 256, 265 (1989); *Commonwealth* v. *Johnson*, 379 Mass. 177, 180-181 (1979). The evidence reflects that it was the defendant who provoked the confrontation, did not withdraw from the conflict, and never communicated a desire to withdraw from the conflict.[3] The fact that, as the defendant argues, "[t]hings happened fast" does not aid him. "Our rules of law should discourage the unnecessary use of physical force between [people]." *Commonwealth* v. *Maguire, supra* at 773-774. Because the right of self-defense did not arise, there was no error in denying the defendant's request for such an instruction. "A trial judge is not required . . . to charge on an hypothesis which is not supported by the evidence." *Commonwealth* v. *Costa*, 360 Mass. 177, 184 (1971), and cases cited.

*Judgment affirmed.*

[3] A different conclusion might result if the patron used excessive force or used deadly force to repel nondeadly force. There are no facts to support such a hypothesis and the defendant does not so argue.