COMMONWEALTH *vs.* GLENN S. ALEBORD. No. 98-P-2016. August 11, 2000. *Practice, Criminal,* Instructions to jury. *Self-Defense. Evidence,* Relevancy and materiality, Reputation.

While watching a replay of a prizefight in the early morning hours of December 15, 1996, the defendant Alebord, without apparent provocation, knocked Derrick Goodspeed down and out with one swing and, for good measure, kicked Goodspeed in the head one or more times. Based on that attack Alebord stood trial in Superior Court on two counts of assault and battery by means of a dangerous weapon: the first count for hitting Goodspeed with a hammer; and the second count for kicking him in the head with a shod foot. On the hammer count, the jury returned a verdict of guilty of the lesser included offense of simple assault and battery, and on the kicking count, the jury returned a verdict of guilty as charged. The grounds of Alebord's appeal are that the trial judge erred in declining to charge the jury on self-defense and in excluding evidence of a reputation for violence of one of the men in the room when Alebord attacked Goodspeed. We affirm the judgments.

1. *Nature of the defense.* Alebord says he punched Goodspeed with his right hand and held the hammer with his left, but did not strike Goodspeed with it. This the jury appears to have believed. Alebord's defense was that he feared Goodspeed and made a preemptive strike in self-defense. Five years earlier, the two men had fought and Goodspeed beat Alebord badly enough to put him in the hospital. When the two men met to watch the boxing match in the home of an acquaintance, they shook hands and decided to let bygones be bygones. Several beers later, most of the audience adjourned to refill at a nearby pub before closing time, leaving Alebord with Goodspeed and three other men. He perceived the four men as giggling and looking at a framing hammer that was resting on the kitchen counter. This suggested to Alebord that the other four were going to jump him. Alebord concedes that no one passed a hostile remark or approached him.

2. *Denial of a jury instruction on self-defense.* To be entitled to an instruction about self-defense by nondeadly force, the evidence, taken in the light most favorable to the defendant, must warrant reasonable apprehension by the defendant that he (1) is in danger of personal harm; (2) can avoid that harm only by resort to force; (3) attempted to avoid physical combat or was unable to do so before resorting to force; and (4) used only the force necessary in the

circumstances. *Commonwealth* v. *Harrington*, 379 Mass. 446, 450 (1980). *Commonwealth* v. *Bastarache*, 382 Mass. 86, 105 n.15 (1980). *Commonwealth* v. *Pike*, 428 Mass. 393, 395-396 (1998). *Commonwealth* v. *Taylor*, 32 Mass. App. Ct. 570, 578 (1992). The most that the defendant Alebord can distill from the evidence is that the four men in the room looked at a hammer and looked at him and laughed. None of the four uttered a threat or dropped a suggestive remark. No one made a move in Alebord's direction. Highly active imagination does not equate with reasonable apprehension of imminent physical harm. As in *Commonwealth* v. *Taylor*, *supra*, there was no overt act against the defendant. That Alebord, wearing a work boot, kicked the already unconscious Goodspeed in the head does not enhance the case for a self-defense instruction. Nor is there evidence suggesting that Alebord tried to avoid physical combat or was unable so to do, for example, by leaving. See *Commonwealth* v. *Pike*, *supra* at 399; *Commonwealth* v. *Berry*, 431 Mass. 326, 335 (2000).

3. *Evidence of reputation for violence.* Evidence that John Dorman, one of the four men watching the prizefight together with Alebord, had a reputation for violence was not relevant as justification for Alebord's attack on Goodspeed. Cf. *Commonwealth* v. *Glass*, 401 Mass. 799, 808 (1988). Exclusion of evidence about Dorman's reputation was correct.

*Judgments affirmed.*

*Arlene J. Stepner* for the defendant.

*Christina L. Crowley*, Assistant District Attorney, for the Commonwealth.