442 So.2d 1029 (1983)
Howard Earl DEWITT, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1286.
District Court of Appeal of Florida, Fifth District.
December 8, 1983.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction for grand theft.
The issue on appeal is whether the trial judge erred in permitting a tape-recording of the jury instructions, along with a tape player, to go with the jury to the jury room. We affirm because no prejudice to the accused was demonstrated on the record *1030 on account of the alleged error. However, we do express our opinion that the practice should be discouraged. We say "practice" because we have other cases pending on the same issue from this trial court.
Although we are perhaps unable to think of all the possible problems which could occur by this practice we suggest it might encourage improper selective listening to instructions. That can be avoided by providing re-instruction by the judge, after consultation with counsel for the parties, of all appropriate instructions when a question occurs.
Mechanical difficulties are not uncommon and could result in confusion and less than satisfactory re-instruction by this method and it is hardly more difficult to have live re-instruction (best) or send in a complete set of instructions given (not best, but better).
Florida Rule of Criminal Procedure 3.400(c) permits, but does not require, the sending to the jury the set of instructions. It does not say "in writing," nor are we so holding, but that would seem the preferred way so that all parties are sure the questions on the law the members of the jury have are answered fully and properly and more easily. It is patently easier to read from a set of instructions and even easier and safer to have the judge do it himself.
Because no error has been demonstrated in this case the conviction is affirmed.
AFFIRMED.
ORFINGER, C.J., and COWART, J., concur.