448 So.2d 529 (1984)
Richard G. WOODRING, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1489.
District Court of Appeal of Florida, Fifth District.
March 1, 1984.
Rehearing Denied April 16, 1984.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
*530 WATSON, R.O., Associate Judge.
Defendant, Richard Garrett Woodring, was found guilty by a jury of trafficking in cocaine.
The jury instructions were recorded by the trial judge and over objection of the defendant, a tape player and the tape recorded jury instructions were sent to the jury room for use during deliberations.
After four hours of deliberation, the jury sent a note to the judge:
Is the only difference between trafficking in cocaine and possession with intent to sell, manufacture or deliver, the amount of cocaine involved (28 grams)?
The trial judge responded in writing:
[P]lease listen to the tape to determine the elements of the charges.
The record is silent as to whether the attorneys were notified of the jury's question and of the judge's note to the jury. There is no record of a motion for new trial alleging lack of notice nor did defense counsel file any affidavits.
The submission to the jury of tape recorded jury instructions was approved in United States v. Watson, 669 F.2d 1374 (11th Cir.1982). In Dewitt v. State, 442 So.2d 1029 (Fla. 5th DCA 1983), this court affirmed a conviction because no prejudice had been shown in permitting a tape recording of the jury instructions and a tape player to go to the jury room. However, we indicated that such a "practice" should be discouraged.
This case is a good example of why we discourage tape recorded jury instructions. Although the Florida Rules of Criminal Procedure do not prohibit the submission of tape recorded jury instructions to the jury, rule 3.410 provides:
[A]nd the court may give them such additional instructions... . (emphasis added)
A number of cases hold that the giving of additional instructions is optional, but once the court determines the jury should be reinstructed, the judge must reinstruct on all matters about which the jury inquired. Chappell v. State, 423 So.2d 984 (Fla. 3d DCA 1982) and cases cited in Chappell.
The court determined additional instructions were required because the judge referred the jury to the recorded instructions and asked them to listen to the elements of the charges. The court did not give them additional instructions as required by rule 3.410, but left the jury to decide which instructions should be repeated. No one knows whether the jury heard the appropriate instructions or whether they heard any instructions. Such a procedure was prejudicial to the defendant.
Because of the disposition of this case, it is not necessary to consider the other matters raised by defendant.
The judgment and sentence are reversed and the case is remanded for a new trial.
REVERSED and REMANDED.
ORFINGER, C.J., and COWART, J., concur.