COMMONWEALTH *vs.* BRADLEY S. BASELER.

Worcester. November 7, 1994. - February 14, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Assault and Battery. Assault and Battery by Means of a Dangerous Weapon. Self-Defense. Practice, Criminal,* Instructions to jury, Recording of proceedings, Presumptions and burden of proof. *Jury and Jurors.*

At the trial of an indictment for assault and battery, where the judge's instructions on self-defense incorrectly related to deadly force rather than to nondeadly force, the Commonwealth's burden of proving that the defendant did not act in self-defense was lowered, requiring reversal of the defendant's conviction on that indictment. [502-504]

At the trial of indictments, the trial judge committed no error in providing the jury with a tape recording of his instructions for their use during deliberations. [504-506]

This court stated the procedure a judge should follow when providing a jury with a tape recording of the instructions. [506]

INDICTMENT found and returned in the Superior Court Department on October 8, 1992.

The case was tried before *James F. McHugh*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas N. Turner* for the defendant.

*Patricia C. Smith*, Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendant, Bradley S. Baseler, appeals from his conviction of assault and battery. In his assignment of errors, the defendant contends that the trial judge: (1) improperly shifted the burden of proof on the issue of self-defense to the defendant; (2) erred in his charge to the jury on the law of self-defense; (3) improperly provided the jury with a tape recording of his entire charge for their use during deliberations. The defendant's third claim presents an issue of

first impression in the Commonwealth. We transferred the case here on our own motion. Because we conclude that the trial judge committed reversible error in his instruction to the jury on the law of self-defense, we decide only that issue. We shall, however, state our views on the third issue presented on appeal.

The criminal charges brought against the defendant were the result of an incident that occurred at the victim's home on June 13, 1992.[1] The defendant testified that he had never struck the victim. According to the defendant, the victim initiated the assault on him. He testified that the victim began to slap him after he had called her a "slut" and had told her

---

[1] The evidence taken in the light most favorable to the Commonwealth is as follows: The defendant and the victim had been dating for eighteen months and had been living together several days a week for approximately eight months. At the time of the incident, however, the couple was in the process of ending their relationship.

On the night of June 13, 1992, the defendant spoke with the victim on the telephone. The defendant demanded to know where the victim had been the previous evening. The victim responded by telling the defendant that she had been shopping, but she did not inform the defendant that she had spent the evening with another man. Five minutes after the telephone call had ended, the defendant arrived at the victim's apartment. The defendant claimed that he had gone to the apartment in order to retrieve some of his personal belongings. After picking up an audio-tape and a motorcycle helmet, the defendant walked into the kitchen and struck the victim without warning. The defendant hit the victim with three open-handed blows to the face. The third blow caused the victim's head to crash into a stove, causing it to move several inches across the floor. While the victim lay on the floor, the defendant continued to strike her while kneeling on her chest. He then removed a gun from his pants, placed it against the victim's head and threatened to kill her. Throughout the attack, the defendant repeatedly demanded to know the identity of the person with whom she had been the previous night.

Having heard the noises and screams coming from the victim's apartment, the victim's landlord banged on her door, inquiring whether she was in danger. The defendant responded by telling the landlord and her friend to go away and mind their own business. After disconnecting the victim's telephone, the defendant departed. The landlord then returned and knocked on the victim's door several times, seeking to assist the victim. When the victim finally allowed the landlord to enter her apartment, the landlord found that the victim had been battered and bruised around the head, face, and neck. The police officers who had arrived at the scene transported the victim to the hospital.

that he intended to go out with an ex-girlfriend that night. The defendant claimed that the victim had fallen against the stove while he was attempting to prevent her from slapping him. These facts provided the basis for the defendant's claim that he had been acting in self-defense.

A Worcester County grand jury indicted the defendant on the following charges: threatening to commit murder; assault by means of a dangerous weapon; assault and battery; and armed burglary and assault upon an occupant. A jury convicted the defendant on the assault and battery charge only. We reverse.

The defendant argues that the trial judge improperly instructed the jury on the law of self-defense in relation to the assault and battery charge. We agree.[2]

We examine the trial judge's instructions in their entirety "to determine their probable impact on the jury's perception of the fact-finding function." *Commonwealth* v. *Mejia*, 407 Mass. 493, 495 (1990), citing *Commonwealth* v. *Albert*, 391 Mass. 853, 858 (1984). We have stated that "[t]he right reasonably to use a nondeadly force, such as one's fists, in self-defense, arises at a somewhat lower level of danger . . . than the right to use a dangerous weapon. See *Commonwealth* v. *Houston*, 332 Mass. 687, 690 (1955) (deadly force may be used only where the person has 'a reasonable belief that no other means would suffice to prevent such harm')." *Commonwealth* v. *Bastarache*, 382 Mass. 86, 105 (1980). See also *Commonwealth* v. *DeCaro*, 359 Mass. 388, 389-390 (1971). An individual may use nondeadly force in self-defense when he has a reasonable concern over his personal

---

[2]At the outset, we note that "[a] criminal defendant is entitled to an instruction on self-defense if the evidence, viewed in the light most favorable to him, is sufficient to raise the issue." *Commonwealth* v. *Burbank*, 388 Mass. 789, 794 (1983). In addition, the defendant must have a reasonable concern for his personal safety. See *Commonwealth* v. *Glass*, 401 Mass. 799, 808 (1988). See also *Commonwealth* v. *Naylor*, 407 Mass. 333, 334 (1990). In the present case, when viewing the evidence in the light most favorable to the defendant, we are satisfied that the defendant's testimony warranted the trial judge's decision to instruct the jury on the law of self-defense.

safety. See *Commonwealth* v. *Bastarache, supra* at 105 n.15 (stating that "[r]easonable concern over one's personal safety [is] the proper standard when nondeadly force is used"). Thus, where a defendant is charged with both assault and battery by means of a dangerous weapon and assault and battery, and the evidence is sufficient to raise the issue of self-defense, see *Commonwealth* v. *Burbank*, 388 Mass. 789, 794 (1983), the trial judge must instruct the jury on the law of self-defense relating not only to deadly force, but also to nondeadly force. See *Commonwealth* v. *Bastarache, supra* at 105.

In the present case, the defendant was indicted on charges of, inter alia, assault and battery by means of a dangerous weapon and assault and battery. The trial judge properly gave an instruction on deadly force when he charged the jury on the law of self-defense regarding assault and battery by means of a dangerous weapon.[3] Nevertheless, the judge used the same deadly force instruction that he had given for assault and battery by means of a dangerous weapon when he charged the jury on the law of self-defense for simple assault and battery.[4] Thus, the judge charged the jury on deadly force when he should have given an instruction on self-defense relating to nondeadly force. See *Commonwealth* v. *Bastarache, supra* at 105. As a result, the judge's instruction lowered the Commonwealth's burden of proving that the de-

---

[3]The trial judge instructed the jury that "[t]o prove that the defendant, Bradley Baseler, did not act in self-defense, the Commonwealth must prove beyond a reasonable doubt that at the time of the alleged assault, Bradley Baseler was not under a reasonable belief that he was being attacked and in imminent danger of death or serious bodily harm, or that he did not use . . . reasonable efforts to avoid combat, or that he used greater force than necessary to defend himself."

[4]The trial judge stated to the jury: "I have defined what I meant by self-defense. Let me summarize that again by telling you that to prove Bradley Baseler was not acting in self-defense [relating to the charge of assault and battery] . . . [t]he Commonwealth must prove beyond a reasonable doubt that he was not . . . under a reasonable belief that he was being attacked and in imminent danger of death or serious bodily harm, or that he didn't use reasonable efforts to avoid combat, or that he used greater force than necessary to defend himself."

fendant did not act in self-defense in relation to the assault and battery charge. Instead of having to prove that the defendant did not have a reasonable concern over his own safety, see *id.* at 105 n.15, the Commonwealth only had to prove that the defendant did not have a reasonable belief that he was being attacked and in imminent danger of death or serious bodily injury, or that he did not use all reasonable efforts to avoid combat, or that he used greater force than was reasonably necessary to defend himself. *Commonwealth v. Harrington*, 379 Mass. 446, 450 (1980). We conclude, therefore, that the trial judge's instruction on self-defense relating to the assault and battery charge constitutes reversible error because a jury convicted the defendant of assault and battery.

Although we do not address the remainder of the defendant's arguments on appeal, we consider the defendant's final assignment of error because it raises a novel issue in the Commonwealth. The defendant claims that the trial judge erred by providing the jury with a tape recording of his entire charge for their use during deliberations.[5] We disagree.

Several courts have permitted a judge to furnish the jury with a tape recording of the charge to them. See *United States v. Holman*, 680 F.2d 1340, 1354 (11th Cir. 1982); *United States v. Watson*, 669 F.2d 1374, 1385-1386 (11th Cir. 1982); *Woodring v. State*, 448 So. 2d 529, 530 (Fla. Dist. Ct. App. 1984); *Dewitt v. State*, 442 So. 2d 1029, 1030 (Fla. Dist. Ct. App. 1983). See *United States v. Silvern*, 484 F.2d 879, 883 (7th Cir. 1973) (encouraging practice of furnishing jurors with taped recording of instructions during deliberations). In addition, courts have held that a judge could

---

[5]Although the defendant objected to the judge's proposal to tape record the jury instruction and send the tape into the jury room, the Commonwealth claims that the defendant failed to renew his objection at the end of the charge. The defendant's single objection, however, was sufficient to preserve the issue for appellate review. "[I]t is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court." Mass. R. Crim. P. 22, 378 Mass. 892-893 (1979).

submit written instructions to the jury after concluding that
the practice of providing the jury with a tape recording of
the instructions was permissible. See *United States* v. *Hewes*,
729 F.2d 1302, 1316 n.13 (11th Cir.), reh'g denied, 734 F.2d
1481 (11th Cir. 1984), cert. denied sub nom. *Caldwell* v.
*United States*, 469 U.S. 1110 (1985); *United States ex rel.
Hancock* v. *McEvers*, 619 F. Supp. 882, 886 (N.D. Ill.
1985). Nevertheless, several courts have criticized the prac-
tice of providing the jury with a tape recording of the in-
structions, without labeling it as error, because a jury may
overemphasize any one portion of the instructions by repeat-
edly replaying it. See *Woodring* v. *State, supra* at 530; *De-
witt* v. *State, supra* at 1030; *Wagner* v. *State*, 76 Wis. 2d 30
(1977). See also *United States* v. *Schilleci*, 545 F.2d 519,
526 (5th Cir. 1977) (criticizing practice of providing jurors
with written instructions because of selective overemphasis
by jurors). To avoid potentially prejudicial overemphasis on a
particular charge in a tape recording, judges have cautioned
the jury that they must consider the whole charge in reach-
ing their verdict. See *United States* v. *Holman, supra* at
1354; *United States* v. *Watson, supra* at 1385-1386; *Dewitt*
v. *State, supra* at 1030; *Wagner* v. *State, supra.*

Although we have never addressed the issue whether a
judge may provide the jury with a tape recording of the in-
structions for their use in deliberations, we have stated previ-
ously that "[w]e would endorse any reasonable procedure by
which all or portions of a judge's charge agreed to by the
parties are made available in writing to a jury." *Common-
wealth* v. *Dilone*, 385 Mass. 281, 287 n.2 (1982). We think
that a tape recording is not only a reasonable procedure by
which to make the judge's instructions available to the jury,
but also is comparable to written instructions.[6] In addition,
furnishing a tape recording to the jury would satisfy our re-
quirement that if a judge chooses to give written instructions
to the jury, then the writing should be an exact reproduction

---

[6]Both a videotape and an audiotape are acceptable methods of recording
a judge's charge to the jury.

of the judge's oral charge. *Commonwealth* v. *Lavalley*, 410 Mass. 641, 652 n.15 (1991). The tape recording, however, not only must be audible, but also must be a recording of the entire charge.[7] The agreement of the parties to provide the jury with a tape recording is not essential. Rather, the judge may send the tape into the jury room on the judge's own motion.

We summarize the procedure that a judge should follow when providing a jury with a tape recording of the instructions: (1) the judge must advise the counsel for both parties that the judge is going to do it; (2) the tape recording must be audible in its entirety and contain the whole instruction; (3) the judge shall give instructions to the jury about how to use the tape recorded charge; and (4) the judge should have the tape recording marked for identification.

We conclude that the trial judge committed no error in providing the jury with a tape recording of his instructions for their use during deliberations. We conclude, however, that the defendant is entitled to a new trial on the assault and battery charge because the trial judge committed reversible error in his instructions to the jury on the law of self-defense.

*Judgment reversed.*
*Verdict set aside.*

---

[7]To avoid selective overemphasis on any one area of the charge, we think that a judge should caution the jury to consider the tape recorded instructions in their entirety. Each part of the charge is important.