USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1021 ROBERT C. BEAUCHAMP, Petitioner, v. PAUL MURPHY, SUPERINTENDENT, OLD COLONY CORR. CENTER, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Robert Beauchamp on brief pro se. ________________ ____________________ April 13, 1995 ____________________ Per Curiam. Pro se petitioner Robert Beauchamp ___________ ___ __ seeks a certificate of probable cause to appeal the denial by the district court of his petition for habeas corpus, pursuant to 28 U.S.C. 2254. In order to justify the issuance of a certificate of probable cause, Beauchamp must "make a 'substantial showing of the denial of a federal right.'" Barefoot v. Estelle, 463 U.S. 880, 893 (1983) ________ _______ (quoting Stewart v. Beto, 454 F.2d 268, 270 n.2 (5th Cir. _______ ____ 1971), cert. denied, 406 U.S. 925 (1972)). We have carefully ____ ______ reviewed the record, Beauchamp's memorandum, and the opinion of the district court. We conclude that petitioner has failed to make a substantial showing that he was denied a federal right. First, Beauchamp claims he was entitled to an evidentiary hearing on his claim that he was denied effective assistance of counsel because his trial counsel failed to interview or call as witnesses two men who had indicated to police that they had heard the victim say negative things about Beauchamp. At trial, Beauchamp argued that he slew the victim in self-defense. Under Massachusetts law, the adequacy of a claim of self-defense rests on a determination of the mental state and the actions of the defendant "at the time of the alleged assault." Commonwealth v. Baseler, 419 ____________ _______ Mass. 500, 503 & n.3, 645 N.E.2d 1179 & n.3 (1995). However, "evidence of a victim's threats of violence against a -2- defendant" is admissible for showing a defendant acted in self-defense. Commonwealth v. Fontes, 396 Mass. 733, 735, ____________ ______ 488 N.E.2d 760, 762 (1986). While the statements of the potential witnesses indicate they were aware of some hostility between Beauchamp and the victim, their statements concern events too remote from the time of the slaying to shed any light on Beauchamp's mental state or action at the time of the killing. Moreover, neither statement contains anything which could be construed as a "threat of violence" against Beauchamp. Since Beauchamp has not shown "a reasonable probability that, [but for his counsel's failure to call these as witnesses], the result of the proceeding would have been different," Beauchamp has not made a substantial showing that he was denied his federal right to effective assistance of counsel. See Scarpa v. ___ ______ Dubois, 38 F.3d 1, 8 (1st Cir. 1994) (habeas petitioner ______ alleging ineffective counsel in state court must show both that counsel's performance was below professional norms and that petitioner suffered prejudice as result of error) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)), __________ __________ cert. denied, 115 S.Ct. 940 (1995). Moreover, since this ____ ______ claim could adequately be resolved on the basis of the record, Beauchamp was not entitled to an evidentiary hearing on it. See Perron v. Perrin, 742 F.2d 669, 672 (1st Cir. ___ ______ ______ 1984). -3- Beauchamp also asserts that his constitutional rights were violated because coercion by the Central Intelligence Agency prevented him from presenting a truthful account of the killing at his trial. We have reviewed the record carefully, including Beauchamp's numerous submissions. Like the Massachusetts Superior Court, we find Beauchamp's tale to consist of "transparent implausibilities." Order on Defendant's Motion in Aid of Discovery; see Machibroda v. ___ __________ United States, 368 U.S. 487, 495 (1962) (in reviewing habeas _____________ petitions, courts are not stripped of "all discretion to exercise their common sense"). The district court was under no obligation to accord an evidentiary hearing to such "inherently incredible" allegations. Neron v. Tierney, 841 _____ _______ F.2d 1197, 1202 n.6 (1st Cir.), cert. denied, 488 U.S. 832 ____ ______ (1988). Finally, we are barred from considering Beauchamp's claim that the trial court improperly instructed the jury by placing the burden of proving self-defense on the defendant. The Massachusetts courts found these claims procedurally barred because they were not raised during the pendency of Beauchamp's second motion for a new trial.1 Beauchamp has not shown that his failure to raise this issue was due to  ____________________ 1. Since Beauchamp had no right to counsel in this post- conviction proceeding, he cannot claim he received constitutionally ineffective assistance of counsel during this proceeding. Coleman v. Thompson, 501 U.S. 722, 752 _______ ________ (1991). -4- some factor external to his defense. See Murray v. Carrier, ___ ______ _______ 477 U.S. 478, 488 (1986) (to establish adequate cause for his procedural default, petitioner must show it was caused by "some objective factor external to the defense"). Nor has he brought forth credible evidence that he is "actually innocent" of the charge for which he is incarcerated. Id. at __ 496 (federal court may review habeas petition despite procedural default in state court where it is probable that violation led to conviction of one "actually innocent" of the crime). The petition for a certificate of probable cause is denied. ______ -5-