## COMMONWEALTH *vs.* MARIA WOLMART.

No. 02-P-233.

Hampden. December 5, 2002. - April 15, 2003.

Present: GELINAS, MASON, & MILLS, JJ.

*Practice, Criminal,* Required finding, Presumptions and burden of proof. *Defense of Others. Self-Defense. Assault and Battery by Means of a Dangerous Weapon. Words,* "Deadly force."

At a trial of a criminal complaint changing assault and battery by means of a dangerous weapon (a knife with a six-inch blade), the evidence was sufficient for the judge to find, beyond a reasonable doubt, that the knife was a dangerous weapon, and that the defendant's use of such a weapon amounted to excessive, deadly force, unwarranted for the purpose of protecting her husband from being struck by the victim's fist. [781-784]

This court declined a criminal defendant's invitation to reconsider the test for the justification of the use of force in defense of another, where there was sufficient evidence to support a finding that neither the defendant nor her husband were justified in using deadly force in response to the victim's attempting to strike the husband with his fist. [784]

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on June 29, 2000.

The case was heard by *William J. Boyle,* J.

*Ian Stone* for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

MILLS, J. The defendant, having waived her right to a jury trial, was convicted by a District Court judge of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*). On appeal, she challenges the trial judge's denial of her motions for a required finding of not guilty and thus her subsequent conviction on a theory of wanton or reckless conduct. See *Commonwealth* v. *Burno,* 396 Mass. 622, 625 (1986), citing *Commonwealth* v. *Welansky,* 316 Mass. 383, 400-401 (1944).

*Factual background.* On the evening of June 28, 2000, Israel Rodriguez (Rodriguez) sustained a stab wound to his arm, inflicted by the defendant and requiring stitches and outpatient care. The parties concede that the incident was triggered in part by an extramarital affair between Rodriguez's wife, Carmen, and the defendant's husband, Jose. The defendant testified that Rodriguez had made several threats on prior occasions to kill Jose or "beat him up." She also testified that Rodriguez had, on one such occasion, shown her a gun and said it was for killing her husband. Rodriguez testified that at 9:00 P.M. on the night of the stabbing, he heard the defendant, who lived across the street, arguing with his wife and yelling, and he went out to the porch of their second-floor apartment in Springfield. The women were taunting each other about sexual positions. When Jose arrived home in his vehicle, Rodriguez set out across the street to confront him, apparently followed by various other members of his family. Rodriguez was unarmed during the entire altercation. He was angry. The defendant, standing outside her home, then went inside and returned with at least one knife.[1] The defendant testified that Rodriguez's wife tried to restrain him as he approached Jose. A neighbor, Anesi Soto, testified that Rodriguez was shouting, "I'm going to hit him." There was conflicting testimony as to the exact manner in which Rodriguez was cut by the defendant's knife. Rodriguez's seventeen year old daughter, Joanna Dones, testified that, as Rodriguez approached Jose, the defendant stabbed Rodriguez in the arm. Both the defendant and Soto testified that, when the defendant saw Rodriguez was about to hit her husband, she stood between them, and Rodriguez was cut by her knife as he threw a punch at Jose.

*Discussion.* We review the denial of the defendant's motions for a required finding of not guilty to determine "whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to satisfy any rational trier of fact

---

[1] There was testimony that the defendant was armed with two knives, one being referred to as a "butcher knife," the other as a "long knife" (and later identified as the weapon used by the defendant to inflict the injury). The defendant admitted that the blade of the knife she was holding when Rodriguez was injured was "approximately six inches long." The defendant apparently dropped one knife, presumably the "butcher knife," on the ground.

that the essential elements of the crime had been proven beyond a reasonable doubt." *Commonwealth* v. *McAfee*, 430 Mass. 483, 494 (1999). Where either self-defense or defense of another has been sufficiently raised by the evidence, the prosecution has the burden of disproving the defense beyond a reasonable doubt. See *Commonwealth* v. *Green*, 55 Mass. App. Ct. 376, 379 (2002). "In determining whether sufficient evidence [to raise the issue] of . . . defense of another exists, 'all reasonable inferences should be resolved in favor of the defendant, and, no matter how incredible [the evidence, it] must be treated as true.' " *Id.*, quoting from *Commonwealth* v. *Pike*, 428 Mass. 393, 395 (1998).[2] For the purposes of this appeal, we assume that the evidence was sufficient to raise the defense.

The defendant argues, in essence, that she was justified in defending another, her husband, in the same manner, and to the same extent, as she would be were she defending herself, and that the trial judge erred in implicitly finding that the defendant's use of a knife to injure Rodriguez amounted to excessive force given the relevant circumstances, namely, (1) Rodriguez had spoken menacingly about his intentions vis-à-vis the defendant's husband on previous occasions and on the night in question; (2) Rodriguez, although apparently unarmed, took a swing at her husband; (3) Rodriguez's wife was attempting to restrain him; and (4) the physical disparity between Rodriguez and herself.[3] Emphasizing that disparity, the defendant argues that an unfair application of the law will result unless courts acknowledge a justification for women, who she contends are frequently at physical disadvantage against male assailants, to

---

[2]As to sufficiency of the evidence, in the context of self-defense, we have recently stated that a judge need not instruct a jury (as to self-defense) "unless the evidence raises a reasonable doubt as to each of the predicate components . . . . We emphasize, however, that whether the evidence raises a reasonable doubt as to the predicates for self-defense is often a complex determination and that a trial judge should 'err on the side of caution in determining that self-defense has been raised sufficiently to warrant an instruction.' " *Commonwealth* v. *Galvin*, 56 Mass. App. Ct. 698, 701 (2002), quoting from *Commonwealth* v. *Toon*, 55 Mass. App. Ct. 642, 644 (2002).

[3]Soto described Rodriguez as being five feet, nine or ten inches tall and as weighing approximately two hundred and forty to two hundred and forty-five pounds. She described the defendant as being five feet, five inches tall and as weighing one hundred and thirty-five pounds. No testimony was given as to Jose's physical characteristics.

use a weapon in defense of another. She further argues that the trial judge erred in improperly equating the use of a dangerous weapon with the use of deadly force.

It is well established that

> "[a]n actor is justified in using force against another to protect a third person when (a) a reasonable person in the actor's position would believe his intervention to be necessary for the protection of the third person, and (b) *in the circumstances as that reasonable person would believe them to be, the third person would be justified in using such force to protect himself.* The reasonableness of the belief may depend in part on the relationships among the persons involved . . . . *The actor's justification is lost if he uses excessive force, e.g., aggressive or deadly force unwarranted for the protective purpose."*

*Commonwealth* v. *Martin*, 369 Mass. 640, 649 (1976) (emphases supplied).[4] See *Commonwealth* v. *Green, supra.*

Deadly force is defined as "force intended or likely to cause death or serious bodily harm." *Commonwealth* v. *Noble*, 429 Mass. 44, 46 (1999). "[Such force] can be used in self-defense only on a reasonable belief that one is in imminent danger of death or serious bodily harm." *Ibid.*[5] In the context of the defense of another, the justification for the use of force is lost by the use of excessive, deadly force, unwarranted for the protective purpose. See *Commonwealth* v. *Martin, supra.* The Supreme Judicial Court has emphasized that the definition of deadly force tracks "our long-standing definition of a 'dangerous weapon,' viz.: an instrument that is likely to produce death or serious bodily injury," *Commonwealth* v. *Klein*, 372 Mass. 823, 827 (1977), and "[t]he relevant inquiry is what level of force was used, not what the resulting injuries were." *Commonwealth* v. *Pike*, 428 Mass. at 396 n.3.

---

[4]The court in *Martin* did, however, note that "the trend, which is exemplified by legislation adopted in many States, has been to interweave closely the justification of defense of a third person with self-defense." *Commonwealth* v. *Martin*, 369 Mass. at 650 (footnote omitted).

[5]The right to use nondeadly force (such as one's fists) in self-defense, by contrast, "arises at a somewhat lower level of danger . . . than the right to use a dangerous weapon." *Commonwealth* v. *Baseler*, 419 Mass. 500, 502 (1995), quoting from *Commonwealth* v. *Bastarache*, 382 Mass. 86, 105 (1980).

On these facts, the evidence was sufficient for the trial judge to find, beyond a reasonable doubt, that a knife with a six-inch blade was a dangerous weapon, and that the defendant's use of such a weapon amounted to excessive, deadly force, unwarranted for the protective purpose, notwithstanding Rodriguez's relatively minor injury. Although Rodriguez had, on a prior occasion, allegedly shown a gun to the defendant, and stated that he would use it against her husband, it is noteworthy that he was unarmed on the night of the stabbing. There was evidence that Rodriguez said he wanted to "hit" or "beat" the defendant's husband and, at the time the defendant wielded the knife, Rodriguez was in the process of attempting to strike the defendant's husband with his fist.

Because there was sufficient evidence to support a finding that neither the defendant nor her husband were justified in using deadly force, we decline the defendant's invitation to reconsider the test for the justification of the use of force in defense of another as set out in *Commonwealth* v. *Martin, supra*.

We affirm the defendant's conviction.

*Judgment affirmed.*