*Janice W. Stevenson*, pro se.

DONALD GRAHAM *vs.* COMMONWEALTH. April 22, 2008. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Instructions to jury, Recording of proceedings.

Donald Graham (petitioner) appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In *Commonwealth* v. *Graham*, 431 Mass. 282, cert. denied, 531 U.S. 1020 (2000), we affirmed the petitioner's conviction of murder in the first degree. We also affirmed the denial of a motion for a new trial in which the petitioner, relying on *Commonwealth* v. *Baseler*, 419 Mass. 500, 506 (1995), had challenged the decision of the trial judge, who was also the motion judge, to give the jury a tape recording of only the supplemental jury instructions. *Id.* at 284-287. We agreed with the judge that the petitioner had not properly raised the issue at trial, but we still reviewed the claim for a substantial likelihood of a miscarriage of justice, pursuant to our duty under G. L. c. 278, § 33E. *Id.* at 286-287 & n.10.

In the county court, the petitioner sought to revisit the judge's conclusion that he had waived his *Baseler* claim. He also argued that he was denied certain rights under the Vienna Convention on Consular Relations. The single justice neither abused his discretion nor otherwise erred in denying the petition. He correctly noted that we already decided the *Baseler* issue (including whether it was waived) in the petitioner's earlier appeal; the petitioner may not obtain additional review under G. L. c. 211, § 3. Without passing on the merits of the petitioner's claim under the Vienna Convention, we agree with the single justice that the petitioner has not shown that he lacks an adequate alternative to relief under our extraordinary superintendence power, such as a motion for a new trial.[1] But see *Medellin* v. *Texas*, 128 S. Ct. 1346 (2008); *Sanchez-Llamas* v. *Oregon*, 548 U.S. 331 (2006).

*Judgment affirmed.*

*Thomas More Dickinson* for the defendant.

*Shoshana E. Stern*, Assistant District Attorney, for the Commonwealth.

---

[1]We decline to consider the petitioner's oblique reference in a footnote to the relevance of our decision in *Commonwealth* v. *Adjutant*, 443 Mass. 649 (2005), to his case. See *Commonwealth* v. *Clerk-Magistrate of the W. Roxbury Div. of the Dist. Court Dep't*, 439 Mass. 352, 361 n.7 (2003). Regarding the retroactive application of the *Adjutant* rule, see *Commonwealth* v. *Pring-Wilson*, 448 Mass. 718, 736 (2007).