A Boston Municipal Court jury convicted the defendant of assault and battery by means of a dangerous weapon (a knife). On appeal, he claims that reversal is required because of errors in the jury instructions. We affirm.
Background. The victim was the stepfather of the defendant's three children. The incident that underlay the conviction took place during an exchange of the children in a public parking lot on January 18, 2016. According to the victim's testimony, a disagreement ensued regarding the manner in which the defendant was dealing with the children, including how he was buckling one of them into the victim's car. The victim testified that after he completed buckling the child and was about to get back into the driver's seat, the defendant "rushed" him and stabbed him with a knife. As confirmed by medical records, the blade penetrated the victim's skin in the lower chest area, even though he was wearing both a "hoodie" and a down jacket. On cross-examination, the victim repeatedly denied pushing the defendant out of the way in order to buckle the child, and he denied touching the defendant in any respect. He did acknowledge that after the stabbing, he retrieved his own knife from the car and chased after the defendant.
After the defendant fled, he called 911 to report the incident. The defendant admitted to the police that he had gotten into a fight with the victim and had stabbed him.[2] However, he sought to portray the victim as the aggressor. According to the defendant, after the victim was being "too rough" putting the children into the car, "he tried to intervene and they ended up fighting." Although the defendant told police that he "had to stab [the victim]," no detail came in with regard to how the confrontation unfolded. The defendant's closing argument nevertheless was based on a theory that he stabbed the victim in self-defense. Apparently rejecting that theory, the jury convicted him.
Discussion. The defendant asserts two errors in the jury instructions. First, the defendant argues that the trial judge erred in instructing the jury that a knife is a dangerous weapon as a matter of law. Second, the defendant argues that the trial judge erred in failing to instruct the jury on the use of nondeadly force in self-defense. We address the defendant's arguments in turn.
a. Dangerous weapon. The judge instructed the jury that a dangerous weapon "is an item which is capable of causing serious injury or death." However, he then went on to instruct them that "as a matter of law ... a knife is a dangerous weapon, per se." Because the defendant lodged no objection to this instruction, we review to determine whether any error caused a substantial risk of a miscarriage of justice. Commonwealth v. Delaney, 442 Mass. 604, 615 (2004).
Given the nature of the knife here, the Commonwealth appropriately acknowledges that the judge erred by instructing the jury that it was dangerous per se.[3] See Commonwealth v. Bois, 476 Mass. 15, 29-30 (2016). We agree with the Commonwealth that this error nevertheless does not require reversal of the defendant's conviction. To demonstrate a substantial risk of a miscarriage of justice, a defendant has to show "serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). In light of the dangerous manner in which defendant used the knife here-that is, to stab the victim in the chest-we are confident that the jury's verdict would not have been different had they properly been instructed. See Commonwealth v. Delaney, supra (where defendant used a pocket knife to stab the victim multiple times, including two stab wounds to the abdomen, erroneous instruction that the knife was dangerous per se did not create a substantial risk of a miscarriage of justice).
b. Self-defense. The judge instructed the jury at length about self-defense, including instructing them that "if you have a reasonable doubt whether or not the defendant acted in self-defense, your verdict must be not guilty." In providing further detail about such a defense, the judge employed instructions that apply to a defendant's use of deadly force to defend himself. See Commonwealth v. Pike, 428 Mass. 393, 396 (1998). Thus, for example, the judge instructed that one way the Commonwealth could overcome a claim of self-defense was "by proving beyond a reasonable doubt that there was no overt act, either words, a gesture, or some other action that gave rise to a reasonable belief of attack or immediate danger of great bodily harm."
The defendant does not claim that the judge misstated the law of self-defense applicable to the use of deadly force. Rather, he claims-for the first time on appeal-that the judge also should have instructed the jury about self-defense through the use of nondeadly force. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 395, quoting from Commonwealth v. Baseler, 419 Mass. 500, 502-503 (1995) ("The right to use nondeadly force arises at a 'somewhat lower level of danger' than the right to use deadly force"). Had the judge done so, the defendant maintains, the jury might well have found his attacking the victim with the knife to have been justified.
Assuming arguendo that it is possible to stab someone with a knife in the abdomen without using "deadly force," we discern no reversible error here. Although the defendant's statement that he "had to stab" the victim was admitted, there was no evidence that the victim had attacked the defendant at any point prior to the stabbing. Moreover, the only evidence of when the stabbing took place was that it occurred as the victim was getting back into his car in a public parking lot (indicating that the defendant in any event had ample opportunity to retreat from any confrontation). On this record, the defendant was not entitled to a self-defense instruction with regard to either deadly or nondeadly force. See Commonwealth v. Maguire, 375 Mass. 768, 772 (1978) (a self-defense "instruction need not be given where there was insufficient evidence to support a theory of self-defense"). See also Commonwealth v. Tirado, 65 Mass. App. Ct. 571, 575-576 & n.2 (2006) (use of deadly or nondeadly force in self-defense both "require that the defendant retreat if retreat is reasonable in the circumstances; that is, he must avail himself of all proper means to avoid physical combat before he resorts to the use of force" [quotation omitted] ). Accordingly, "[t]he judge's instructions permitting the jury to consider self-defense by the use of deadly force ... granted the defendant a benefit to which he was not entitled." Commonwealth v. Doucette, 430 Mass. 461, 470 (1999). In addition, in light of the absence of evidence supporting the defendant's contention that he acted in self-defense through the use of either deadly or nondeadly force, he has not shown any likelihood that the absence of instruction on a defendant's use of nondeadly force affected the jury's verdict.
Judgment affirmed.

The defendant did not testify, but his hearsay statements to the police were admitted.

During his opening statement to the jury, defense counsel characterized the knife as an ordinary pocket knife with two small folding blades (one about two and a half inches long, and the other about one and a half inches long). The knife itself was admitted in evidence but not provided to us, and there was little testimony at trial describing it. On appeal, the defendant, in the addendum to his brief, provided two pictures of what he maintains is the knife produced by the Commonwealth at trial. He also moved to have the knife transferred to this court (according to the motion, the knife is no longer in the possession of the Boston Municipal Court but was returned to the police.) For its part, the Commonwealth appears not to dispute the defendant's characterization of the knife or that the pictures provided by the defendant are of the knife. In any event, the Commonwealth acknowledges that the knife is not of the type whose possession is prohibited by statute. See G. L. c. 269, § 10(b ) ; Commonwealth v. Higgins, 85 Mass. App. Ct. 534, 535-537 (2014). Because we have assumed that the knife is as the defendant has characterized it, we deny his motion to transfer the knife as moot.