The defendant, Michael Gill, appeals from his convictions of armed assault with intent to kill and assault and battery.[2] We affirm, addressing the defendant's various claims of error in turn.
1. Self-defense. The trial judge solely instructed the jurors on the use of deadly force in self-defense and deadly force in defense of another. On appeal, the defendant contends that the judge erred in failing to instruct the jury on the use of nondeadly force in self-defense and in defense of another. Because the defendant did not object to the omission of a nondeadly force instruction, our review is limited to whether the absence of such an instruction was an error that "created a substantial risk of a miscarriage of justice." Commonwealth v. Shea, 467 Mass. 788, 796 (2014).
The standards for self-defense using deadly force and nondeadly force are "mutually exclusive." Commonwealth v. Walker, 443 Mass. 213, 217 (2005). To justify the use of deadly force in self-defense, the defendant must reasonably and actually believe that he is "in imminent danger of death or serious bodily harm." Commonwealth v. Carrion, 407 Mass. 263, 268 (1990), quoting from Commonwealth v. Harrington, 379 Mass. 446, 450 (1980). In contrast, the use of nondeadly force arises when the defendant has "a reasonable concern over his personal safety." Commonwealth v. Baseler, 419 Mass. 500, 502-503 (1995).
In assessing whether an instruction on self-defense was warranted, we consider the evidence in the light most favorable to the defendant. See Commonwealth v. Little, 431 Mass. 782, 790 (2000). The following summary of the evidence adopts that perspective.
The defendant and the victim were standing in their front yards across the street from each other when they were involved in a shouting match. After hearing the commotion, the defendant's brother joined the defendant outside. The victim then yelled, "I got something for you Mikey," and went back into his house. He emerged a few seconds later with a machete and proceeded to walk towards the defendant. The defendant's brother ran to his vehicle and retrieved a folding knife. The victim first chased the defendant's brother with the machete before turning his attention to the defendant after the defendant had picked up a pavestone.
At some point, the defendant threw the pavestone at the victim, but did not hit him.[3] According to the defendant, because a pavestone thrown in the direction of the victim could be construed as nondeadly rather than deadly force, the jury should have been instructed on the justified use of nondeadly force in self-defense.
It is the victim's conduct that determines whether justified and proportional defensive force was used. "The proper standard for determining whether a defendant's particular actions were justifiably undertaken in self-defense depends on the level of force he used on his victim and the circumstances that prompted those actions." Commonwealth v. Pike, 428 Mass. 393, 395 (1998). There is no dispute that the victim was wielding a machete during the altercation with the defendant and his brother. There is no question that the victim's threatened use of the machete as a weapon against the defendant (or his brother) would have posed an imminent threat of death or serious bodily harm. Accordingly, we discern no substantial risk that the defendant was deprived of a more generous verdict based on a conclusion that the defendant was justified in using nondeadly (but not deadly) force in self-defense.[4] See Commonwealth v. Galvin, 56 Mass. App. Ct. 698, 702 (2002).[5]
2. Sufficiency of the evidence of armed assault with intent to kill. To be convicted on the theory of joint venture when there is a weapon as one of its elements, the defendant's "knowledge of the weapon is an element of the Commonwealth's proof." Commonwealth v. Gorman, 84 Mass. App. Ct. 482, 489 (2013), quoting from Commonwealth v. Britt, 465 Mass. 87, 99 (2013). The defendant claims that the Commonwealth did not prove beyond a reasonable doubt that he knew his brother, the codefendant, was armed with a knife.
Viewing the evidence in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-679 (1979), a rational jury could have found as follows. The defendant and his brother drove up in a vehicle together and parked in front of their residence. The defendant exited the car and started yelling at the victim.[6] The defendant continued to yell as he started walking towards the victim's yard. Upon hearing the yelling, the defendant's brother exited from the doorway of his residence as the defendant was entering the victim's front yard. As the defendant's brother was advancing towards the victim's yard, a small black folding knife was visible in his hand. The defendant and his brother pursued the victim together and the defendant was present when the victim was ultimately stabbed by his brother. Based on that evidence, together with the reasonable inferences therefrom, a rational juror could find beyond a reasonable doubt that the defendant knew his brother was armed.
3. Exclusion of prior conviction. The exclusion of a certified docket reflecting the victim's prior conviction of breaking and entering furnishes no cause to disturb the judgments; in light of the victim's acknowledgement of several felony convictions that were admitted in evidence,[7] the admission of the breaking and entering conviction would have provided little additional value to the defendant's effort to impeach the victim's credibility.
4. Adjutant evidence. Finally, there was no error in the exclusion of evidence of the victim's prior violent conduct, pursuant to Commonwealth v. Adjutant, 443 Mass. 649 (2005). Such evidence may be admitted "for the limited purpose of supporting the defendant's self-defense claim that the victim was the first aggressor." Id. at 660. Admissibility depends on whether the probative value of the evidence proffered outweighs its prejudicial effect in the context of the facts and issues presented. See ids="1276639" index="13" url="https://cite.case.law/mass/443/649/">id. at 663 Passing the question whether the issue of the first aggressor was in dispute, the judge did not abuse his discretion to exclude the evidence offered by the defendant. The victim's prior threat in a single incident arising from an employment dispute was different in nature from the incident underlying the offense, an armed street fight. See ids="1276639" index="14" url="https://cite.case.law/mass/443/649/">id. at 663-664. Moreover, the jury already had far more potent evidence of the victim's violent tendencies, having heard undisputed testimony that the victim wielded a machete and admitted to having prior felony convictions. In view of the way in which the case was submitted to the jury, we discern no material prejudice to the defendant from the exclusion of the Adjutant evidence.
Judgments affirmed.

The defendant was indicted on charges of armed assault with intent to murder and assault and battery by means of a dangerous weapon. He was acquitted of those charges but convicted of the lesser included offenses in each case.

The details of that act were described by conflicting testimony. While the victim testified that the defendant threw the pavestone at his head, the defendant's brother testified that the defendant threw the pavestone at the victim's feet. Two other witnesses offered similar testimony that the pavestone either hit the victim in the leg or did not hit the victim at all. For purposes of our analysis of the defendant's claim of self-defense, we adopt the view most favorable to the defendant.

To the extent the defendant suggests that the evidence did not clearly establish that the victim threatened to use the machete as a weapon against him or his brother, the point is unavailing; under that view of the evidence the victim did not pose a threat justifying use of force in self-defense.

There is some question whether the defendant was entitled to an instruction on self-defense at all. "A self-defense instruction is not required unless there is some evidence that the defendant availed himself of all means, proper and reasonable under the circumstances, of retreating from the conflict before resorting to the use of deadly [or nondeadly] force." Commonwealth v. Toon, 55 Mass. App. Ct. 642, 653 (2002). Though the evidence suggests that the defendant did not avail himself of opportunities to retreat, our view of the case avoids any need to resolve the question.

The testimony from the victim and his fiancée was inconsistent with respect to where the defendant came from prior to approaching them. The victim testified that the defendant exited a black vehicle that had just parked in front of the defendant's residence. The victim's fiancée testified that the defendant exited from the residence. The difference is immaterial to the issues raised on appeal.

The victim admitted to being convicted of drug trafficking, conspiracy to violate the Controlled Substances Act, knowingly receiving stolen property, and threats to commit a crime.