A jury convicted the defendant, Alex Baez, of assault and battery, G. L. c. 265, § 13A(a ).[3] At trial, the defendant argued that he acted in self-defense, and he requested and was granted a self-defense instruction. On appeal, he asserts that the judge improperly instructed the jury on the elements of self-defense, challenging specifically that the judge's supplemental instruction improperly included when one can use deadly force -- an instruction not applicable to the charge against him. In the absence of an objection, we affirm.
Background. The jury could have found that the defendant punched the victim twice during an argument. At trial, the defendant testified that he did so because the victim grabbed his arm during the argument. On this basis, the judge properly found that a self-defense instruction was warranted. See Commonwealth v. Harrington, 379 Mass. 446, 450 (1980).
In her general instructions to the jury, the judge charged, in relevant part:
"To prove that the defendant did not act in self-defense, the Commonwealth must prove one of the following things beyond a reasonable doubt: One, that the defendant did not reasonably believe he was being attacked or immediately about to be attacked and that his safety was in immediate danger ...."
The judge also gave a supplemental instruction, which included that "[t]he Commonwealth may prove that the defendant did not act in self-defense by proving beyond a reasonable doubt that there was no overt act, either words, a gesture[,] or some other action that gave rise to a reasonable belief of attack or immediate danger of great bodily harm." The jury convicted the defendant, and this appeal followed.
Discussion. Once the defendant raised an issue of self-defense, as the defendant did here, the Commonwealth bore the burden of disproving at least one of the elements.[4] Id. at 452. That burden included disproving that the defendant acted in "reasonable apprehension" for his safety. Commonwealth v. Galvin, 56 Mass. App. Ct. 698, 702 (2002). As the defendant correctly points out, there are two "mutually exclusive" standards for reasonable apprehension depending upon the type of force the defendant used. Commonwealth v. Walker, 443 Mass. 213, 217 (2005). The distinction lies in whether the force used was deadly or nondeadly. Commonwealth v. Pike, 428 Mass. 393, 395 (1998).
A defendant may use deadly force if he "had reasonable ground to believe and actually did believe that he was in imminent danger of death or serious bodily harm." Commonwealth v. Toon, 55 Mass. App. Ct. 642, 645 (2002). In contrast, a defendant's right to use nondeadly force, the applicable standard here, arises at a "somewhat lower level of danger." Pike, supra (citation omitted).
The right to use nondeadly forces arises if a defendant has "a reasonable concern over his own safety," Commonwealth v. Baseler, 419 Mass. 500, 504 (1995), due to some overt threatening act. Commonwealth v. Alebord, 49 Mass. App. Ct. 915, 916 (2000). There is no allegation that the defendant used deadly force, therefore, only the instruction on the use of nondeadly force was applicable here. Baseler, supra at 503-504.
Here, the judge's supplemental instruction included language pertaining to the more stringent standard applicable only in the use of deadly force. We agree with the defendant that this additional language was superfluous and erroneous. See Commonwealth v. Noble, 429 Mass. 44, 46-47 (1999). See also Baseler, supra. However, because the defendant did not object to the judge's instructions at trial, we review for whether the error created a substantial risk of a miscarriage of justice. Commonwealth v. Arias, 84 Mass. App. Ct. 454, 464 (2013). And in our view, the error did not create a substantial risk of miscarriage of justice for two reasons.
First, the challenged language was only a small portion of a larger proper charge to the jury. In addition to the erroneous language, the judge also properly instructed that:
"[a] person cannot lawfully act in self-defense unless he is attacked or is immediately about to be attacked. The Commonwealth may prove that the defendant did not act in self-defense by proving beyond a reasonable doubt that there was no overt act, either words, a gesture[,] or some other action that gave rise to a reasonable belief of attack ...."
Therefore, reading the instruction as a whole, as we must, see Commonwealth v. Allen, 474 Mass. 162, 168 (2016), the instruction properly placed the burden on the Commonwealth to disprove that the defendant acted in reasonable apprehension. Contrast Baseler, supra at 503 n.4 & 506 (reversible error when judge improperly instructed jury as to use of deadly force and never instructed on nondeadly force).
Second, the strength of the Commonwealth's case precludes us from concluding that a substantial risk of miscarriage of justice was created. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999) (to determine risk of miscarriage of justice appellate court considers strength of Commonwealth's case). This was not a case of simply the victim's word against the defendant's but, rather, the victim's account was corroborated by an eyewitness, who testified that the defendant punched the victim twice without provocation. Accordingly, we affirm.
Judgment affirmed.

The defendant was charged with assault and battery by means of a dangerous weapon causing serious bodily injury, but was convicted of the lesser included offense. The greater charge arose from the victim's claim that the defendant attacked him with a steel pipe.

The elements of self-defense are: (1) a reasonable apprehension for one's safety; (2) an inability to retreat (subject to the "castle law" statute); and (3) nonexcessive force. See Commonwealth v. Galvin, 56 Mass. App. Ct. 698, 702 (2002). The Commonwealth need only disprove one.