NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12661

COMMONWEALTH  vs.  RAHEEM ABUBARDAR.


April 25, 2019.


Practice, Criminal, Instructions to jury, Presumptions and
     burden of proof.  Evidence, Presumptions and burden of
     proof, Self-defense.  Self-Defense.


     The defendant, Raheem Abubardar, was convicted of assault
and battery as a lesser included offense of attempted murder.[1]
On appeal, he challenged the trial judge's instruction on self-
defense, specifically the judge's failure to instruct on the use
of nondeadly force in self-defense.  In an unpublished
memorandum and order pursuant to its rule 1:28, the Appeals
Court affirmed the conviction.  See Commonwealth v. Abubardar,
93 Mass. App. Ct. 1121 (2018).  It concluded that the defendant
was not entitled to such an instruction and, even if he had
been, its absence did not give rise to a substantial risk of a
miscarriage of justice.  See id.  On further appellate review,
we reverse.

     Discussion.  In relevant part, the charges against the
defendant arose out of an altercation inside a parked van.  The
defendant testified that the complainant instigated the events
by hitting and scratching him, and he was "just sitting there,"
"trying to hold [the complainant] and contain her . . . so [he]

_____

     [1] The defendant was acquitted of rape, intimidation of a
witness, and unauthorized use of a motor vehicle.  An indictment
alleging rape as a subsequent offense was nol prossed.  The
defendant also was convicted of threatening to commit a crime,
and pleaded guilty to failure to register as a sex offender;
neither of those convictions is at issue on appeal.

could get away."  The complainant testified that the defendant threatened and choked her; the defendant claimed he only pushed her away.  When a passerby saw the altercation and knocked on the van window, the defendant pushed the complainant and she opened the door and fled.

At the defendant's request and over the Commonwealth's objection, the judge gave an instruction on self-defense. Although the instruction was in its essence a deadly force instruction, it was not identified in that way:  the jury were instructed on "proper self-defense" as a general concept.  Based on the instruction, the jury would have understood that "the defendant did not act in proper self-defense if [the Commonwealth] prove[d] . . . that the defendant did not actually believe that he was in immediate danger of death or serious bodily harm."  On the evidence at trial, to be sure, the jury could have concluded that the defendant did not believe he was in "immediate danger of death or serious bodily harm" during the altercation, and so -- following the instructions that were given -- the defendant could not have acted in "proper self-defense."

The defendant did not propose a specific self-defense instruction, nor did he object to the one that was given.  We conclude, however, that, in the circumstances present here, he was also entitled to a nondeadly force instruction.  Drawing reasonable inferences in the defendant's favor, see Commonwealth v. Pike, 428 Mass. 393, 395 (1998); Commonwealth v. Toon, 55 Mass. App. Ct. 642, 645 (2002), and taking the defendant's testimony as true, the evidence supported a finding that the defendant's actions against the complainant consisted solely of nondeadly force, i.e., holding and pushing her away, rather than choking her as she had claimed.[2]

---

[2] A defendant is entitled to a self-defense instruction where the evidence, viewed in the light most favorable to the defendant, together with "all reasonable inferences" drawn therefrom, raises a reasonable doubt as to each component of the instruction.  Commonwealth v. Toon, 55 Mass. App. Ct. 142, 645 (2002).  For these purposes, "no matter how incredible [the defendant's] testimony, that testimony must be treated as true." Id. at 645-646, quoting Commonwealth v. Pike, 428 Mass. 393, 395 (1998).  The defendant's claim in this case is that he used only nondeadly force rather than deadly force to defend himself against the complainant.  Contrast Commonwealth v. Walker, 443 Mass. 213, 217 (2005) (person has no right of "self-defense where deadly force is used in response to nondeadly force").

> "Where nondeadly force is used, a defendant is entitled to a self-defense instruction if the evidence, viewed in the light most favorable to the defendant without regard to credibility, supports a reasonable doubt that (1) the defendant had reasonable concern for his personal safety; (2) he used all reasonable means to avoid physical combat; and (3) 'the degree of force used was reasonable in the circumstances, with proportionality being the touchstone for assessing reasonableness.'"

Commonwealth v. King, 460 Mass. 80, 83 (2011), quoting Commonwealth v. Franchino, 61 Mass. App. Ct. 367, 368-369 (2004). There is no real dispute in this case that the evidence was sufficient with respect to the first and third elements. Viewing the evidence in the light most favorable to the defendant, the jury could have found that he had a reasonable concern for his personal safety and that he responded proportionally: he testified that the complainant was hitting and scratching him, and that he responded by holding or pushing her away.

With respect to the second element, requiring reasonable avoidance of physical combat, defense counsel requested and received a self-defense instruction over the Commonwealth's specific objection that such an instruction was not warranted because the defendant failed to retreat. See Toon, 55 Mass. App. Ct. at 653 (instruction warranted where defendant "availed himself of all proper means to avoid physical combat before resorting to the use of any force, deadly or nondeadly"). Viewing the evidence in the light most favorable to the defendant, after the complainant started hitting him, "[he] tried to keep her from hitting [him]," and he "just wanted to get away from her." The defendant testified that he pushed her back because "she had scratched [him] when she slapped [him] in the face;" he said, "I'm trying to get out the thing," "I'm getting away from her if I can," "trying to get to the door -- reach back to the door," while "trying to keep her from hitting me." Drawing inferences favorable to the defendant, this was sufficient to warrant the instruction. See Commonwealth v. Baseler, 419 Mass. 500, 502 (1995), quoting Commonwealth v.

---

The Commonwealth acknowledges that "[v]iewing the evidence in the light most favorable to the defendant, his use of force did not involve a dangerous weapon and was not intended or likely to cause death." See Commonwealth v. Pring-Wilson, 448 Mass. 718, 734 (2007) (accepting defendant's version of events).

Houston, 332 Mass. 687, 690 (1955) ("right reasonably to use a nondeadly force, such as one's fists, in self-defense, arises at a somewhat lower level of danger . . . than the right to use a dangerous weapon").

As stated, the defendant did not object to the omission of an instruction on the use of nondeadly force in self-defense.[3] Although the jury acquitted the defendant of attempted murder by strangulation, on the instructions they were given, they could not have considered whether there was any lawful basis on which he could have touched the complainant at all, unless they also found that he reasonably believed he was in imminent danger of death or serious bodily harm.[4]  See Baseler, 419 Mass. at 503-504.  They were not, in other words, given the option of considering whether he properly exercised self-defense by applying nondeadly force out of a "reasonable concern for his personal safety."  King, 460 Mass. at 83.

This case is similar to Baseler, supra.  In that case, the defendant was indicted on charges including assault and battery by means of a dangerous weapon and assault and battery.

"The trial judge properly gave an instruction on deadly force when he charged the jury on the law of self-defense regarding assault and battery by means of a dangerous weapon.  Nevertheless, the judge used the same deadly force instruction that he had given for assault and battery by means of a dangerous weapon when he charged the jury on the law of self-defense for simple assault and battery.  Thus, the judge charged the jury on deadly force when he should have given an instruction on self-defense relating to nondeadly force.  See Commonwealth v. Bastarache, [382 Mass. 86, 105 (1980)].  As a result, the judge's instruction lowered the Commonwealth's burden of proving that the defendant did not act in self-defense in relation to the assault and battery charge.  Instead of having to prove that the defendant did not have a reasonable concern

---

[3] We can conceive of no tactical reason for trial counsel's failure to object to the omission of a nondeadly force instruction.

[4] This is not a case where the conduct might be excused or justified, such as, for example, a touching that might occur during medical examination or rescue.  See Commonwealth v. Oberle, 476 Mass. 539, 548 n.5 (2017).

over his own safety, see id. at 105 n.15, the Commonwealth only had to prove that the defendant did not have a reasonable belief that he was being attacked and in imminent danger of death or serious bodily injury, or that he did not use all reasonable efforts to avoid combat, or that he used greater force than was reasonably necessary to defend himself.  Commonwealth v. Harrington, 379 Mass. 446, 450 (1980).  We conclude, therefore, that the trial judge's instruction on self-defense relating to the assault and battery charge constitutes reversible error because a jury convicted the defendant of assault and battery."  (Footnotes omitted.)

Baseler, 419 Mass. at 503-504.  Likewise, in this case, the trial judge instructed only on deadly force when he charged on the law of "proper self-defense."  That instruction preceded the instruction on attempted murder by strangulation, and the term "proper self-defense" was repeated (without further instruction) at the end of both the attempted murder and the assault and battery instructions.  Based on the instructions, the jury reasonably would have understood that the defendant did not act in "proper self-defense" if the Commonwealth proved he did not have a reasonable belief that he was in imminent danger of death or serious bodily harm.  Like in Baseler, supra at 504, the omission of the nondeadly force component of self-defense effectively lowered the Commonwealth's burden of proof as to self-defense, given that the Commonwealth did not have to demonstrate that the defendant did not have a "reasonable concern over his own safety" before touching the complainant.

Conclusion.  The failure to provide a nondeadly force self-defense instruction lowered the Commonwealth's burden to prove the absence of proper self-defense.  Where the defendant was acquitted of the most serious charges against him, and where the evidence on all the charges depended heavily on the credibility of the testimony of both the defendant and the complainant, we are satisfied that the absence of such an instruction created a substantial risk of a miscarriage of justice.  The judgment of conviction on the assault and battery charge is therefore reversed, the verdict is set aside as to that, and the matter is remanded for a new trial on that charge.

So ordered.

Thomas C. Foley for the defendant.

Johanna S. Black, Assistant District Attorney, for the Commonwealth.