A jury convicted the defendant of assault and battery as a lesser included offense of attempted murder.[2] On appeal the defendant argues that the trial judge erred in instructing the jury only on self-defense by means of deadly force, when the evidence supported a finding that the defendant defended himself with nondeadly force. We affirm.
Background. The Commonwealth elicited the following evidence during its case in chief. In November of 2012, the victim gave the defendant a ride in a van owned by the church they both attended. The defendant sat in the front passenger seat. Once the van was parked, the defendant asked the victim "when [they] were going to be in a relationship." When the victim replied that she was not looking for a relationship, the defendant became angry, threatened to kill her, and started choking her with both hands around her throat. A passerby saw them fighting and knocked on the window, distracting the defendant and allowing the victim to open the door and escape. The defendant ran after her, threw her to the ground, and threatened to kill her daughter, before driving off in the van.
The defendant, testifying on his own behalf, did not dispute that he and the victim fought, but claimed that she instigated the fight by hitting and scratching him after he asked about her activity on a dating Web site. According to the defendant, he was "just sitting there," "trying to hold [the victim] and contain her ... so [he] could get away." After the passerby knocked on the window, the defendant looked up and saw two men approaching the van. Fearing that he was about to be robbed, the defendant pushed the victim so that he could get out of the van and confront the two men. The defendant admitted that he "pushed [the victim] too hard" but stated that he did not intend to hurt her.
The judge gave a self-defense instruction at the defendant's request. The instruction was limited, however, to explaining the defendant's right to use deadly force in self-defense. The defendant did not object to the instruction, nor did he request an additional instruction on nondeadly force.
Discussion. Because the defendant failed to preserve the issue, we review any error for a substantial risk of a miscarriage of justice. See Commonwealth v. St. Louis, 473 Mass. 350, 359 (2015). A defendant is entitled to an instruction on the use of nondeadly force in self-defense "if the evidence, viewed in the light most favorable to the defendant without regard to credibility, supports a reasonable doubt that (1) the defendant had reasonable concern for his personal safety; (2) he used all reasonable means to avoid physical combat; and (3) 'the degree of force used was reasonable in the circumstances, with proportionality being the touchstone for assessing reasonableness.' " Commonwealth v. King, 460 Mass. 80, 83 (2011), quoting from Commonwealth v. Franchino, 61 Mass. App. Ct. 367, 369 (2004). The Commonwealth argues that the second of these requirements is not met because the evidence did not establish that the defendant made efforts to retreat before using force. We agree.
A self-defense instruction is not required unless there is some evidence "that the defendant had availed himself of all proper means to avoid physical combat before resorting to the use of any force, deadly or nondeadly." Commonwealth v. Toon, 55 Mass. App. Ct. 642, 653 (2002). The defendant must have "use[d] every reasonable avenue of escape available to him." Commonwealth v. Pike, 428 Mass. 393, 398 (1998). This "is a factual question dependent on a variety of circumstances, including the relative physical capabilities of the combatants, the weapons used, the availability of maneuver room in, or means of escape from, the area, and the location of the assault." Id. at 399. "Before that question may go to the jury, however, there must be some evidence that the defendant attempted to retreat or that no reasonable means of escape was available." Ibid.
Here, there was no evidence that the defendant made an actual attempt to retreat -- which he could have done by opening the passenger door and exiting the van -- before resorting to the use of force against the victim. Nor was there evidence that a means of escape was unavailable. Though the defendant testified that the victim hit and scratched him, he did not testify that she held him or otherwise impeded his movement such that he was unable to exit the van without pushing her (too forcefully, by his own admission). "In the absence of any evidence of an attempt to avoid further physical combat or of the defendant's inability to retreat, no self-defense instruction was required." Ibid. The judge thus did not err by not giving a nondeadly force instruction sua sponte. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 398-399 (though defendant was standing between high-speed traffic and guardrail, evidence did not show inability to retreat where he "did not testify ... that he reengaged because it was impossible for him to avoid further combat without incurring serious injury"); Commonwealth v. Vives, 447 Mass. 537, 543-544 (2006), overruled in part on other grounds by Commonwealth v. Liebenow, 470 Mass. 151 (2014) (defendant had means to retreat where he was in stairwell of own apartment building); Commonwealth v. Alves, 50 Mass. App. Ct. 796, 809 (2001) (defendant had means to retreat where he was on public street); Toon, 55 Mass. App. Ct. at 654 (similar).
Even were we to assume error, moreover, no substantial risk of a miscarriage of justice arose from it. Whether an error created a substantial risk of a miscarriage of justice turns on whether we have "a serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). In making that assessment, we consider among other things "whether the error is 'sufficiently significant in the context of the trial to make plausible an inference that the [jury's] result might have been otherwise but for the error.' " Commonwealth v. Alphas, 430 Mass. 8, 13 (1999), quoting from Commonwealth v. Miranda, 22 Mass. App. Ct. 10, 21 (1986).
Here, considering the entire trial, we have no serious doubt that the jury's verdict might have been different had the judge given a nondeadly force instruction. Contrary to the defendant's assertions, self-defense was not his only defense to the assault and battery charge. The judge properly instructed that an element of the crime of assault and battery is that "the touching was committed without justification or excuse" and that "the Commonwealth must prove the absence of justification or excuse beyond a reasonable doubt."[3] Furthermore, defense counsel's strategy throughout trial was to focus almost exclusively on the more serious charges of rape, attempted murder, and intimidation of a witness. Counsel discussed only the rape charge in his opening statement, while admitting that the defendant was involved in an "altercation" with the victim in November of 2012. Similarly, counsel focused his entire closing argument on the three more serious charges. He mentioned assault and battery only once, when he concluded his argument by stating, "Now, [the defendant] submits to your judgment as a jury ... [whether,] when he was grabbing [the victim, it] was lawful or an assault and battery; but as to the crimes of rape, intimidation and assault to murder, I ask that you find him not guilty." In light of the defense's strategy -- which was successful, as it resulted in findings of not guilty on all three of the more serious crimes -- we do not think an instruction on nondeadly force would have materially influenced the jury's deliberations on the assault and battery charge. In any event, as set forth above, no such instruction was required.
Judgments affirmed.

The jury also convicted the defendant of threatening to commit a crime, but he raises no claim of error as to that conviction. The jury acquitted the defendant of rape, intimidation of a witness, and unauthorized use of a motor vehicle.

We disagree with the defendant's contention, raised at oral argument, that the jury may have conflated the instruction on use of deadly force in self-defense with the concept of justification or excuse. The judge first gave the self-defense instruction and then explained the elements of attempted murder followed by the elements of assault and battery. The judge also gave specific examples of what constitutes justification or excuse: "An example of justification is a physical examination by a doctor. An example of excuse is a situation where a person sees another in danger, reaches out and while removing the other person from an oncoming vehicle touches that person's breast." Considering the sequence of the instructions and the examples the judge provided, there is no substantial risk that the jury conflated the concepts.