NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-345

COMMONWEALTH

<u>vs</u>.

SIERRA R. COBBS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was convicted of assault and battery on a family or household member.  On appeal, the defendant claims that her motion to suppress statements as involuntarily made should have been allowed; that even if the motion to suppress was properly denied, the trial judge should have given the jury a humane practice instruction, sua sponte, before permitting the jury to consider the statements; and that the trial judge also erred by not instructing the jury on self-defense.  We affirm.

1.  <u>Motion to suppress</u>.  The defendant filed a motion to suppress statements, arguing that her statements to Massachusetts Bay Transportation Authority Police Officer Adam

Moeller were the product of custodial interrogation, that she was not advised of her Miranda rights, and that her statements were not voluntarily made. A District Court judge (motion judge) denied the motion after an evidentiary hearing. On appeal, the defendant presses only her claim that her statements were involuntary because they were the product of cognitive impairment caused by a head injury, which was so severe that it caused a seizure.

"It is well established that a confession or an admission is admissible in evidence only if it is made voluntarily." Commonwealth v. Tremblay, 460 Mass. 199, 206 (2011). "A voluntary statement is one that is the product of a rational intellect and a free will, and not induced by physical or psychological coercion" (quotations and citations omitted). Id. at 207. If the defendant produces evidence tending to show that a statement was involuntary, the Commonwealth must prove beyond a reasonable doubt, based on the totality of the circumstances, that the statement was voluntarily made. See id. at 206-207; Commonwealth v. Hilton, 450 Mass. 173, 177 (2007). Relevant factors include the defendant's conduct, age, education, intelligence, emotional stability, experience with the criminal justice system, and physical and mental condition. See Commonwealth v. Mandile, 397 Mass. 410, 413 (1986). A condition like a head injury may, but does not necessarily, render a

2

statement involuntary.  Compare Commonwealth v. Bohigian, 486
Mass. 209, 219-220 (2020) (substantial risk of miscarriage of
justice where evidence of head injury called in question
voluntariness of statements that formed basis for charge of
misleading investigator), with Commonwealth v. Simpson, 434
Mass. 570, 579 (2001) (statements held to be voluntary beyond
reasonable doubt notwithstanding "[e]vidence of the defendant's
head injury and that at times at the hospital he was loud,
boisterous, and agitated").

The motion judge rejected the defendant's claim because
there was "[n]o evidence whatsoever that the statements were
coerced or . . . involuntary.  And there was no evidence
presented . . . of cognitive impairment."  We need not decide
whether the Commonwealth proved beyond a reasonable doubt that
the defendant's statements were voluntarily made, because we
conclude that any error in admitting the statements was harmless
beyond a reasonable doubt.  See Commonwealth v. Tyree, 455 Mass.
676, 700 (2010), quoting Chapman v. California, 386 U.S. 18, 24
(1967) (constitutional errors preserved by motion to suppress
reviewed under "harmless beyond a reasonable doubt" standard);
Commonwealth v. Masskow, 362 Mass. 662, 668-669 (1972) (assuming
that defendant's confession to murder was involuntary,

3

statement's admission in evidence was harmless beyond a reasonable doubt).[1]

The defendant's statements did not form the basis for the charges against her and were not central to the Commonwealth's proof that she committed an assault and battery on Trey Moore, the father of her child or children. The Commonwealth asserted that the assault and battery occurred when the defendant "bear-hugg[ed] one of Mr. Moore's legs." Moore testified that the defendant was sitting on his lap on an Orange Line train and refused to get up when he repeatedly asked her to. When he finally stood up to get off the train at Back Bay station, she fell to the floor, tried to scratch and bite him, and grabbed onto his leg. He had to drag her off the train by his leg. Video footage showed Moore struggling to get onto the train platform while the defendant held his leg. Another passenger who saw and heard the defendant and Moore arguing testified that Moore "was trying to get out of the train, and [the defendant]

---

[1] The defendant argues that the erroneous admission of her statement was not harmless beyond a reasonable doubt. She does not argue that error was structural error requiring automatic reversal. While the Supreme Court of the United States has held as a matter of Federal law that the admission of an involuntary statement is trial error subject to harmless error review, the Supreme Judicial Court has never held that the Massachusetts Constitution requires a structural error standard; rather, it has avoided the question on two occasions. See Commonwealth v. Monroe, 472 Mass. 461, 472 (2015); Commonwealth v. Durand, 457 Mass. 574, 592 (2010).

4

was like wrapped around his left leg, not letting go, and [Moore] was just trying to like slowly get himself off the train." Moeller did not arrive on the scene until the couple were already on the platform. After removing Moore, Moeller spoke with the defendant, who then made the statements at issue here: she had been trying to prevent Moore from leaving the train, and the abrasion on the back of her head was self-inflicted.

"When analyzing whether an error was harmless beyond a reasonable doubt, 'we ask whether, on the totality of the record before us, weighing the properly admitted and the improperly admitted evidence together, we are satisfied beyond a reasonable doubt that the tainted evidence did not have an effect on the jury and did not contribute to the jury's verdicts.'" Commonwealth v. Molina, 467 Mass. 65, 79 (2014), quoting Tyree, 455 Mass. at 701. Given the strength of the evidence against the defendant, particularly the testimony of an impartial bystander and the video, and the fact that the defendant's statements were tangential to the Commonwealth's case, we discern no reasonable possibility that the defendant's statements contributed to the verdict. See Commonwealth v. Perez, 411 Mass. 249, 260 (1991).

2. Humane practice instruction. The defendant also asserts that when her statements were admitted, the judge should

5

have given a humane practice instruction, requiring the jury to find beyond a reasonable doubt that the statements were voluntary before considering them. See Commonwealth v. Brown, 449 Mass. 747, 767 (2007). Because the defendant did not request a humane practice instruction, we review for a substantial risk of a miscarriage of justice. See Bohigian, 486 Mass. at 219; Commonwealth v. Tillson, 104 Mass. App. Ct. 180, 196 (2024). We discern no such risk. As we have concluded that the defendant's statements had little or no effect on the jury's verdict, the absence of a humane practice instruction likewise had little or no effect, let alone cause a substantial risk of a miscarriage of justice.

3. Self-defense. Finally, the defendant contends that the trial judge erred by failing to instruct the jury on self-defense. A defendant is entitled to a self-defense instruction if the evidence, taken in the light most favorable to her, raises "a reasonable doubt as to whether the prerequisites of self-defense were present." Commonwealth v. Pike, 428 Mass. 393, 395 (1998). With respect to the defendant's use of nondeadly force -- grabbing Moore's leg -- the prerequisites were that she had a reasonable concern for her personal safety, that she used reasonable means to avoid physical contact, and that the degree of force she used was unreasonable under the

6

circumstances.  See Commonwealth v. King, 460 Mass. 80, 83 (2011).

The defendant argues that, in the light most favorable to her, when Moore stood up, "he caused her to fall to the ground and hurt her," she grabbed onto his leg out of fear for her physical safety, and she had no means to escape the situation in a crowded train.  We are not persuaded.  Even if the defendant felt threatened, grabbing onto Moore's leg and holding on as he was trying to get away was the opposite of avoiding physical contact.  Contrast Commonwealth v. Abubardar, 482 Mass. 1008, 1010 (2019) (defendant entitled to self-defense instruction where, viewing evidence most favorably to him, he "pushed [victim] back" in effort to get away from her).  The evidence did not permit the jury to entertain reasonable doubt that holding Moore's leg was reasonably necessary for the defendant to protect herself from any threat of physical harm that Moore

posed to her.

Judgment affirmed.

By the Court (Massing,
Neyman & Wood, JJ.[2]),

Clerk

Entered:  May 21, 2025.

---

[2] The panelists are listed in order of seniority.